United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2380

_____

United States of America,        *
                                 *

             Appellee,        *

                             * Appeal from the United States
     v.                           * District Court for the Eastern
                             * District of Missouri.

Ricky Coppedge,           *

                                 *

             Appellant.      *

_____

Submitted:  December 30, 1997

Filed:  February 5, 1998

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After Ricky Coppedge pleaded guilty to drug offenses, the district court[1] sentenced him to 135 months imprisonment and four years supervised release on October 12, 1995.  Coppedge did not appeal.  On October 1, 1996, the government filed a motion pursuant to Federal Rule of Criminal Procedure 35(b) (upon government motion made within one year after imposition of sentence, district court may reduce

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

sentence to reflect defendant's subsequent, substantial investigative or prosecutorial assistance), which the district court granted; the court resentenced Coppedge to 84 months imprisonment and four years supervised release. On appeal, Coppedge's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing the court should have departed farther, and moving to withdraw as appointed counsel; Coppedge has also filed a pro se supplemental brief. We dismiss this appeal for lack of jurisdiction.

We conclude that Coppedge's challenge to the extent of the district court's departure is unreviewable, because Coppedge is not appealing his sentence based on any criteria listed in 18 U.S.C. § 3742(a) (defendant may appeal sentence imposed in violation of law, imposed as result of misapplication of Guidelines, which is upward departure from Guidelines, or imposed for offense for which there is no Guideline and which is plainly unreasonable). See United States v. McDowell, 117 F.3d 974, 977-78 (7th Cir. 1997) (appeal of extent of downward departure under Rule 35(b) is unreviewable, because § 3742(a) provides no jurisdictional basis to consider such appeal; listing cases in accord from Second, Fourth, Seventh, Ninth, Tenth, and Eleventh Circuits). But see United States v. McAndrews, 12 F.3d 273, 277-78 (1st Cir. 1993) (appeal of extent of downward departure; concluding order resolving Rule 35(b) motion is not a sentence, and thus 28 U.S.C. § 1291 governs appeals from orders granting or denying Rule 35(b) motions).

Accordingly, we dismiss this appeal for lack of jurisdiction, and grant defense counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.