# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1731

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of Nebraska. |
| Laron L. Newman, | * |
| | *     [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: May 2, 2007
Filed: May 7, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Laron Newman (Newman) appeals the 96-month prison sentence the district court[1] imposed upon him after granting the government's Federal Rule of Criminal Procedure 35(b) motion to reduce Newman's sentence for his post-sentencing substantial assistance. Newman's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court abused its discretion by not taking into account the level of Newman's cooperation and his

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

rehabilitative efforts in prison when deciding how far to depart from the advisory Guidelines.

Counsel's argument is without merit. See United States v. Coppedge, 135 F.3d 598, 599 (8th Cir. 1998) (per curiam) (concluding a challenge to the extent of a sentence reduction upon the government's Rule 35(b) motion was unreviewable because the appeal was not based on any criteria listed in 18 U.S.C. § 3742(a)); United States v. Haskins, 479 F.3d 955, 957 (8th Cir. 2007) (per curiam) (holding a court lacks jurisdiction to consider the reasonableness of a sentence following a Rule 35(b) reduction; and United States v. Booker, 543 U.S. 220 (2005), did not expand § 3742(a) to include appellate review of discretionary sentencing reductions). Cf. United States v. Pepper, 412 F.3d 995, 998-99 (8th Cir. 2005) (deciding only assistance facts, and not other factors, can be considered in a substantial assistance downward departure).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____