Cheryl DENTON and Johnny Young, Plaintiffs–Appellants,

v.

Bob BEDINGHAUS, Tom Neyer, John Dowlin, Hamilton County Commissioners, In Their Official Capacities, Hamilton County Child Support Enforcement Agency, and Hamilton County Department of Human Services, Defendants–Appellees.

No. 00–4072.

United States Court of Appeals, Sixth Circuit.

July 19, 2002.

Before MOORE and COLE, Circuit Judges; O'MEARA,* District Judge.

OPINION

COLE, Circuit Judge.

Plaintiffs initiated a class action against the Commissioners of Hamilton County, Ohio, the Hamilton County Child Support Enforcement Agency, and the Hamilton County Department of Human Services for confiscating money that plaintiffs had posted as bail bonds in the Juvenile Division of the Hamilton County Common Pleas Court. Arguing that the amended complaint did not state a claim for relief and that they were immune from suit, defendants moved for Rule 12(b)(6) dismissal, which the district court granted. Plaintiffs appealed that dismissal. For the following reasons, we REVERSE the district court's dismissal and REMAND for further proceedings consistent with this opinion.

I.

According to the allegations in the amended complaint, plaintiffs, Cheryl Denton and Johnny Young, deposited bail bonds with the Juvenile Division of the Hamilton County Common Pleas Court (the "Juvenile Court") in 1998 and those deposits were not returned after bail was released. Denton posted an $800 bond for her friend, James Kinney, and her receipt explained that the bond deposit could pay fines and costs. When bail was released, the Juvenile Court magistrate judge ordered that the $800 bond be applied to Kinney's outstanding child support. John-

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

ny Young had a similar experience. He posted a $1000 bond for Cary Young. The receipt stated only the bond amount. As with Denton, a magistrate judge released bail and ordered that the bond deposit be applied to Cary Young's outstanding child support obligations.

To recover their deposits, plaintiffs initiated a class action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of Ohio against the Hamilton County Commissioners; the Hamilton County Child Support Agency; and the Hamilton County Department of Human Services. Plaintiffs claimed that defendants violated procedural due process, substantive due process, and the Takings Clause. Plaintiffs sought declaratory and injunctive relief, as well as punitive and actual damages.

In response to a motion by defendants, the district court dismissed plaintiffs' amended complaint for failure to state a claim for relief. The district court reasoned that defendants' potential liability stemmed from two events: (i) defendants' role in the issuance of the Juvenile Court orders and (ii) defendants' obedience to the Juvenile Court orders. On the first issue, the district court concluded that the defendants, as municipal officials and agencies, were not responsible for the issuance of the Juvenile Court orders because those orders were the product of state, and not municipal, action. Alternatively, the district court explained that because the Juvenile Court orders were orders of the state, defendants were shielded from suit in federal court by the Eleventh Amendment. On the second issue, the district court reasoned that quasi-judicial immunity protected defendants from liability for violating plaintiffs' rights by their obedience to the Juvenile Court orders.

Seeking to reverse the district court's dismissal, plaintiffs appealed. Plaintiffs argue that under *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), judicial approval of an unconstitutional act does not always immunize non-judicial actors from liability under § 1983 and that the doctrine of quasi-judicial immunity does not protect the defendants from claims for injunctive and other equitable relief. In response, defendants contend that they are not liable because (i) they did not cause the confiscation pursuant to a municipal policy or custom; (ii) the Eleventh Amendment bars this suit; and (iii) quasi-judicial immunity shields them, despite *Malley v. Briggs.* We now evaluate those arguments.

## II.

Defendants have not disputed whether plaintiffs sufficiently allege the elements of procedural due process, substantive due process, and Takings Clause claims under § 1983. For that reason, we address only the merits of defendants' three defenses and not the question of whether plaintiffs have sufficiently alleged § 1983 claims. After careful consideration, we conclude that defendants' defenses do not apply here.

### A. Standard of Review

A district court's dismissal of a civil rights claim for failure to state a claim for relief under Rule 12(b)(6) is a question of law that we review *de novo.* See *Mertik v. Blalock,* 983 F.2d 1353, 1356 (6th Cir. 1993); *see also Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998). In reviewing a complaint for failure to state a claim upon which relief can be granted, we construe the complaint liberally in a plaintiff's favor and accept all factual allegations and permissible inferences as true. See *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996); *Allard v. Weitzman (In re DeLore-*

*an Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993); *see also Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993) ("The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."). Despite the instruction to construe the complaint liberally in a plaintiff's favor, a complaint must contain " 'either direct or inferential allegations respecting all the material elements' " and those allegations must amount to more than "bare assertions of legal conclusions." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). Finally, in testing the sufficiency of a complaint, a court determines whether it is possible for a plaintiff to prove any set of facts in support of his or her claims that would entitle him or her to relief. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995) (explaining that a court "should deny [a Rule 12(b)(6) ] motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief."); *Scheid*, 859 F.2d at 436 (noting that "[a] Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint" and explaining that a claim should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### A. Lack–of–Policy–or–Custom Defense to Municipal Liability

██ Defendants' first defense attacks the basis for a § 1983 claim against a municipality. To successfully plead an official capacity claim against a municipal employee or entity, a plaintiff must (i) identify a municipal policy or custom; (ii) connect that policy or custom to the municipality; and (iii) show that execution of

that policy or custom caused the particular injury. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1993); *see also Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, based on the allegations in the amended complaint, defendants contend that the Juvenile Court independently decided to confiscate plaintiffs' bail bond deposits. Defendants argue that due to the Juvenile Court order, they did not create a municipal policy or custom of confiscation. Rather, they simply obeyed a court order. Defendants' argument fails for two reasons.

First, that argument is incomplete. Assuming that the defendants did receive a court order to confiscate bail bond deposits, that order was not immediately binding on defendants, who (as far as the allegations in the amended complaint) were non-parties to the underlying child-support litigation. As non-parties, Ohio law did not obligate defendants to obey the Juvenile Court order. *See, e.g., Januzzi v. Hickman*, 61 Ohio St.3d 40, 572 N.E.2d 642, 644 (1991) (explaining this principle in the context of a wage garnishment proceeding— "[s]ince a garnishee was not a party in the garnishment proceeding, an order to pay into court entered in that proceeding could not affect the garnishee's substantial rights"—but noting that the Ohio Revised Code now allows a finding against non-party garnishees). For that reason, defendants had discretion in implementing the confiscation policy. At a minimum, they had two options—they could have chosen to follow the court order or they could have awaited an enforcement proceeding. In short, the non-binding Juvenile Court order did not eliminate defendants' ability to formulate municipal policies or customs

regarding the confiscation of bail bond deposits.

Second, plaintiffs' allegations satisfy the municipal policy requirement. Paragraph nine of the amended complaint specifically alleges that plaintiffs' bail bond deposits were confiscated as a result of a municipal policy initiated and carried out by defendants:

> On information and belief, the practice of confiscating contempt bonds to pay child support arrearages owing to someone other than the person furnishing the bond is a commonplace occurrence in Hamilton County and *is undertaken pursuant to a policy initiated and carried out by Defendants.*

Amended Complaint, ¶ 9 (Sept. 22, 1999) (emphasis added). At this stage in the proceedings, where we construe the amended complaint liberally in plaintiffs' favor, this allegation suffices to support the inference that defendants had a policy of confiscating certain bail bond deposits. Also, from its text, paragraph nine sufficiently alleges that the policy was connected to the municipality and that the policy caused plaintiffs' claimed injuries. Thus, plaintiffs satisfy the three-part test for alleging municipal liability.

In sum, defendants' first defense cannot stand and plaintiffs sufficiently allege § 1983 municipal liability here.

## B. Eleventh Amendment Immunity

■ Defendants next attempt to take refuge in the Eleventh Amendment's prohibition of suing state entities in federal court. *See* U.S. CONST. amend. XI ("The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). The Eleventh Amendment has been interpreted as barring suits against a state or its agencies unless the state consents to suit or Congress abrogates Eleventh Amendment immunity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Barton v. Summers*, Nos. 00–5942, 00–6282, 2002 WL 1290185, at *2 (6th Cir. June 13, 2002). Defendants argue that Eleventh Amendment immunity shields them to the extent that they are accountable for implementing the Juvenile Court orders because the orders, and not defendants, created the confiscation policy. That argument also fails.

Defendants are municipalities, which generally do not receive Eleventh Amendment immunity. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 692 (6th Cir.2002). However, when acting on a particular issue or in a particular area, a local government official or entity may serve as an alter ego or arm of the state and, in that capacity, it may receive Eleventh Amendment protection. *See McMillian v. Monroe County, Alabama*, 520 U.S. 781, 785, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997); *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir.1993) ("When suit is brought against a public agency or institution, and/or its officials, 'the application of the Eleventh Amendment turns on whether said agency or institution can be characterized as an arm or alter ego of the state, or whether it should be treated instead as a political subdivision of the state.' " (quoting *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir.1984))). Whether a local government official or entity acts as an alter ego of the state for Eleventh Amendment purposes depends on the state-law definition of that official's or entity's functions. *See McMillian*, 520 U.S. at 786, 117 S.Ct.

1734; *Mt. Healthy,* 429 U.S. at 280, 97 S.Ct. 568; *see also, e.g., Pusey v. City of Youngstown,* 11 F.3d 652, 657–58 (6th Cir. 1993) (holding that a county prosecutor, as a officer of the municipal court, which is an arm of the state, is entitled to Eleventh Amendment immunity). Here, defendants argue that when they were enforcing the orders of a state court, they acted as alter egos of the state and were entitled to Eleventh Amendment immunity.

Defendants' argument comes undone before we can fully address the merits of their Eleventh Amendment defense. The amended complaint alleges that defendants initiated and carried out the confiscation policy at issue. As explained above, based on those allegations, defendants were acting independently of a state-court order. *Cf. Scott v. O'Grady,* 975 F.2d 366, 371 (7th Cir.1992) (holding that sheriffs were shielded from federal court suit under the Eleventh Amendment where they had a statutory, non-discretionary duty to execute a state-court writ, were subject to contempt of court, and were liable for damages for failure to do so). Because defendants' Eleventh Amendment argument is premised on the assumption that they were legally obligated to enforce the Juvenile Court orders and because the complaint alleges an independent basis for their actions, the Eleventh Amendment defense is no longer intact.

Surely, there are arguments other than the one before us for why defendants could be considered arms of the state for Eleventh Amendment purposes. However, our Circuit has recently held that "the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity, *i.e.,* that it is an arm of the state." *Gragg v. Ky. Cabinet for Workforce Dev.,* 289 F.3d 958, 963 (6th Cir. 2002). Because defendants present no other Eleventh Amendment arguments at

this early point in the litigation, they have not carried their burden of proof. And, at this juncture, we decline to consider any Eleventh Amendment arguments not before us.

### C. Quasi–Judicial Immunity

Defendants' final contention is that their alleged actions were shielded by quasi-judicial immunity. Defendants build their argument around our decision in *Bush v. Rauch,* 38 F.3d 842 (6th Cir.1994). In response, plaintiffs argue that *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), created an exception to quasi-judicial immunity that applies here. From the briefing, it appears that this Court should decide the quasi-judicial immunity issue based on an analysis of those two individual capacity § 1983 suits. The briefing leads us astray.

Of critical importance here is that plaintiffs sue defendants in only their official capacities. Yet, immunity defenses apply to individual capacity suits and they do not shield municipalities from § 1983 liability. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 166, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) ("[M]unicipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983."); *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment."). Thus, quasi-judicial immunity does not bar plaintiffs' official capacity claims.

### III.

In closing, plaintiffs claim that defendants violated several of their constitutional rights by confiscating bail bond deposits.

Defendants have not challenged whether plaintiffs state claims for relief, but instead they assert three defenses. Each of those defenses—lack of municipal policy or custom, Eleventh Amendment immunity, and quasi-judicial immunity—fails here. For that reason, we REVERSE the dismissal of plaintiffs' amended complaint and REMAND for proceedings consistent with this opinion.