

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2005

# Lonzetta Trkng v. Schan

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2758

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lonzetta Trkng v. Schan" (2005). *2005 Decisions.* Paper 1400.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1400

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2758

———

LONZETTA TRUCKING AND EXCAVATING COMPANY

v.

JOSEPH SCHAN; WILLIAM GALLAGHER;
PAUL MATULEVICH; HAZLE TOWNSHIP
ZONING HEARING BOARD; THOMAS C. BAST;
ANDREW BENYO; ANTHONY MATZ; RUTH
CLATCH; HAZLE TOWNSHIP,

Appellants

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 02-cv-00018)
District Judge: Honorable John E. Jones, III

———

Argued March 9, 2005
Before: NYGAARD, McKEE, and RENDELL, <u>Circuit Judges</u>.

(Filed: March 31, 2005)

Joseph A. O'Brien, Esq. (Argued)
Oliver Price & Rhodes
1212 South Abington Road
P. O. Box 240
Clarks Summit, PA 18422
        <u>Counsel for Appellant</u>

Bruce J. Phillips, Esq. (Argued)
Wetzel Caverly Shea Phillips & Rodgers
15 Public Square
Suite 210
Wilkes-Barre, PA 18701
       Counsel for Appellee


\_\_\_\_\_

OPINION OF THE COURT
\_\_\_\_\_


NYGAARD, Circuit Judge.

Appellants[1] seek interlocutory appeal from the District Court's Memorandum and Order denying their Motion for Summary Judgment based on their defense of absolute and qualified immunity. Additionally, Appellants seek interlocutory review of the District Court's denial of their Motion for Summary Judgment on Appellee's substantive due process claims.

We exercise plenary review over a District Court's grant of summary judgment. *Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003). For the reasons that follow, we affirm in part and reverse and remand in part. We

---

[1] Appellants consist of a group of Zoning officials including: Joseph Schan, William Gallagher, Paul Matulevich, Thomas Bast, Andrew Benyo, Anthony Matz, Ruth Clatch, the Hazle Township Zoning Board, and the Hazle Township. For the sake of brevity we will refer to Appellants as the "Board." At all relevant times, Benyo, Matz and Clatch were Supervisors of Hazle Township; Schan, Gallagher, and Matulevich were members of the Hazle Township Zoning Board; and Bast was the Zoning Officer of Hazle Township.

2

affirm the District Court's denial of Appellants Motion for Summary Judgment regarding absolute immunity in their official capacities, qualified immunity, and on the substantive due process claim. We reverse and remand, however, on the District Court's denial of the absolute immunity claim against the zoning officials in their individual capacities.

I.

Appellee Lonzetta Trucking and Excavating Company operates a quarry in Hazle Township, Luzerne County, Pennsylvania. This case involves numerous zoning disagreements and the specific cause of action arises out of the summary closure of Lonzetta's quarry.

The area in which Lonzetta operated its quarry was zoned as an M-1 Mining District. On December 22, 1997, Lonzetta obtained a Non-Coal Surface Mining Permit from the Pennsylvania Department of Environmental Protection. On June 5, 2000, Bast, the Hazle Township Zoning Officer, denied Lonzetta's application for a building and zoning permit to operate a mobile crusher and screening plant at the quarry, and Lonzetta appealed to the Hazle Township Zoning Board. After hearing evidence, the Zoning Board remanded the matter to Bast. On September 18, 2000, Bast issued an opinion stating that "no Zoning Permit or Certificate is needed to operate this quarry . . . [a] Business Occupancy Certificate is required for the operation . . . and a Business Occupancy Permit is hereby granted."

TRAQ, Inc. is a Pennsylvania not-for-profit corporation organized to oppose

Lonzetta's quarry. On September 20, 2000, TRAQ appealed Bast's decision and the issuance of the Certificate of Occupancy to the Zoning Board. After holding hearings on TRAQ's appeal, the Zoning Board sustained TRAQ's appeal. The Board issued findings of facts and conclusions of law in support of its decision.

After consulting with the solicitor, Bast issued a Notice of Violation to Lonzetta on December 6, 2000. The Notice to Lonzetta provided: "[a]s a result of the Board's Decisions and as directed by the Hazle Township Supervisors you are hereby ordered to cease and desist all quarrying operations." Lonzetta appealed the Decision of the Zoning Board to the Court of Common Pleas of Luzerne County the same day. It also filed a petition for a stay of the Zoning Board decision to the Court of Common Pleas. The parties subsequently entered into a stipulation resolving Lonzetta's petition for a stay.

The Court of Common Pleas sustained Lonzetta's appeal and reversed the decision of the Zoning Hearing Board on March 15, 2001. The Court concluded that: (1) the Township's attempt to regulate the quarry in the special exception process was preempted by the PA Non-Coal Surface Mining Conservation and Reclamation Act; (2) the Township's denial of a business occupancy permit constituted an improper collateral attack on the permit granted by the Department of Environmental Resources; and (3) the provisions of the Hazle Township Zoning Ordinance were inconsistent and ambiguous as to whether the quarry was a permitted use under the M-1 Zone and that the Zoning Board should have interpreted the ambiguity in favor of the landowner and concluded that the

4

use was permitted.

On January 30, 2002, the Commonwealth Court affirmed the decision of the Court of Common Pleas. The Commonwealth Court disagreed, however, with the lower court pointing out that Township's do have a right — albeit a limited right — to regulate quarries in the special exception process and "that the Court of Common Pleas is not correct on the preemption issue." The Commonwealth Court agreed with the Court of Common Pleas that there were ambiguities in the Ordinance as to whether the quarry was a permitted use in the M-1 zone and stated that these ambiguities should have been resolved in favor of the landowner. Therefore, the Commonwealth Court concluded that the quarry was a permitted use.

## II.

Lonzetta filed this action pursuant to 42 U.S.C. §1983, claiming that the Board violated its procedural and substantive due process rights under the Fourteenth Amendment. The individual zoning officials were sued in both their individual and official capacities.

The parties filed cross motions for summary judgment. Magistrate Judge Thomas Blewitt filed a Report and Recommendation, recommending that the Court deny the Board's Motion on Lonzetta's substantive due process claim and grant the Board's Motion on Lonzetta's procedural due process claim. Magistrate Judge Blewitt also recommended that the District Court deny Lonzetta's Motion. Both parties filed

objections to Judge Blewitt's recommendation. United States District Court Judge John Jones adopted Magistrate Judge Blewitt's Report and Recommendation. Thus, the District Court granted the Board's Motion for Summary Judgment with respect to Lonzetta's procedural due process claim and denied the Board's Motion for Summary Judgment regarding their claim of immunity and regarding Lonzetta's substantive due process claim. On the same day, the Board filed a Notice of Appeal.

The Court of Appeals Clerk's Office issued a directive advising the parties that this appeal would be submitted to the merits panel for possible dismissal due to a jurisdictional defect. Both parties have submitted letters regarding the possible jurisdictional defect.

### III.

"As a general rule, the federal appellate courts have no jurisdiction under 28 U.S.C. § 1291 to review interlocutory decisions such as the denial of summary judgment." *Walker v. Horn*, 286 F.3d 705, 709 (3d Cir. 2002). The exception to this rule is the Collateral Order Doctrine. An interlocutory decision falls within the doctrine if it meets three requirements: (1) the decision conclusively determines the disputed issue; (2) the issue must be completely separate from the merits of the action; and (3) the decision must be effectively unreviewable on appeal from a final judgment. *Id* at 709 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

*A.    Absolute Immunity Jurisdiction*

"The Supreme Court has repeatedly applied the collateral order doctrine to hold that orders denying absolute immunity are reviewable on interlocutory appeal." *Walker*, 286 F.3d at 709. This is because, as the Court has explained, "absolute immunity creates not only protection from liability, but also a right not to stand trial." *Id* at 710. (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). The Supreme Court and this Court have held that an order denying a motion for summary judgment predicated upon a substantial claim of absolute immunity is collateral to the merits of the action and immediately reviewable. *See Mitchell v, Forsyth,* 472 U.S. 511,525 (1985); *Schrob v. Catterson*, 948 F.2d 1402, 1407 n.4 (3d Cir. 1991); *In re Montgomery County*, 215 F.3d 367, 373 (3d Cir. 2000). Thus, the denial of Appellant's motion for summary judgment on the basis of absolute immunity is collateral to the merits of the action and is immediately reviewable. Accordingly, this Court has jurisdiction over the interlocutory appeal regarding the claim of absolute immunity.

B.      *Qualified Immunity Jurisdiction*

The Supreme Court has also held that a District Court's pretrial denial of a claim for qualified immunity, to the extent that it turns on an issue of law, is an appealable interlocutory order. *Mitchell*, 472 U.S. at 530; *Burns v. County of Cambria*, 971 F.2d 1015 (3d Cir. 1992). The Supreme Court stated that "[g]overnment officials performing discretionary, non-prosecutorial functions are shielded from liability insofar as their conduct does not violate clearly established Constitutional rights of which a reasonable

7

person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An order denying a motion for summary judgment made by a public official who claims to be entitled to qualified immunity is appealable where there are no disputes of fact material to the public official's qualified immunity claim and the sole issue presented on appeal is whether the official's conduct violated a legal norm that was clearly established at the time of the allegedly illegal conduct. *Ziccardi v. City of Philadelphia*, 288 F.3d 57, 61 (3d Cir. 2002); *Chinchello v. Fenton*, 805 F.2d 126, 127-132 (3d Cir. 1986).

Under *Ziccardi* and *Harlow*, this case is appealable if there are no disputes of fact material to the public official's qualified immunity claim and if the sole issue on appeal is whether the facts identified by the District Judge establish that the official's conduct violated a clearly established legal norm that a reasonable person would have known. The District Court stated that "Plaintiff's evidence has shown sufficient personal involvement in its closure with respect to all of the Defendants to preclude immunity on its substantive due process claim" and "the only issue is whether the individual Defendants would have reasonably been aware of the alleged violations." *Lonzetta Trucking and Excavating Co. v. Schlan, et al.*, No. 3:02-18, (M.D. Pa. June 9, 2004). Therefore, whether the official's conduct violated a clearly established law, and whether they knew of the violation is at issue.

However, this is not the sole issue. The District Court also stated that "[w]e agree that material facts remain as to the conduct of all Defendants, and will adopt the

8

Magistrate Judge's recommendation to deny their request for qualified immunity."
*Lonzetta Trucking and Excavating Co. v. Schlan, et al.*, No. 3:02-18, (M.D. Pa. June 9,
2004). Consequently, because there are disputes of fact material with respect to the
public official's qualified immunity claim, the District Court's denial of summary
judgment regarding qualified immunity is not appealable.

IV.

*A.     Absolute Immunity*

Judicial immunity is extended to those performing "quasi judicial functions." *Bass
v. Attardi*, 868 F.2d 45, 49-50 (3d Cir. 1989) (per curiam). We have stated that members
of a zoning board who are ruling on a zoning permit for a particular piece of property are
performing a quasi-judicial function. *See Omnipoint Corp. v. Zoning Hearing Bd. of Pine
Grove Township*, 181 F.3d 403, 409 (3d Cir. 1999) (citing *Urbana v. Meneses*, 431 A.2d
308, 311 (Pa. Super. 1981)). We have also held that zoning board members are entitled to
absolute immunity for claims in their individual capacities. *Bass*, 868 F.2d at 50-51.[2]

Therefore, it follows that the zoning officials, including the supervisors of Hazle
Township, members of the Hazle Township Zoning Board, and the Zoning Officer of

---

[2]Numerous lower courts have held or referred to zoning hearing boards as quasi-judicial and their members as enjoying immunity from suit in their individual, but not official capacities. *See, e.g., Associates in Obstetrics & Gynecology v. Upper Merion Township,* 270 F.Supp. 2d 633, 662 (E.D. Pa. 2003); *Ryan v. Lower Merion Township*, 205 F. Supp. 2d 434, 439 (E.D. Pa. 2002); *Zapach v. Dismuke*, 134 F. Supp. 2d 682, 696 (E.D. Pa. 2001); *Urbano v. Meneses*, 431 A.2d 308, 311 (Super. Ct. 1981).

Hazle Township would be entitled to absolute immunity in their *individual* capacities if they were performing "quasi-judicial" functions. However, the zoning officials in their *official* capacities, the Hazle Township Zoning Board, and the Hazle Township are not entitled to absolute immunity. The planning board as a governmental agency has no immunity whatsoever.[3]

We now turn to whether absolute immunity should be extended to the Board members in their *individual* capacities by looking at whether they were performing "quasi-judicial" functions. To assess whether absolute immunity should be extended, the courts use a functional approach that looks to the nature of the function performed, not the identity of the actor who performed it. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Supreme Court has identified six characteristics to assist in this inquiry: (1) the need to assure that the individual can perform his functions without harassment and intimidation; (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent; (5) the adversarial nature of the process; and (6) the correctibility of error on appeal. *Cleavinger v. Sayner*, 476 U.S. 193, 202 (1985); *Butz v. Economou*, 438 U.S.

---

[3]*See Id.* (citing *Owen v. City of Independence*, 445 U.S. 622, 657 (1980) (no immunity for municipality); *Aitchison v. Raffiani*, 708 F.2d 96, 100 (absolute immunity of individual defendants does not preclude liability of municipality); *Jodeco, Inc. v. Hann*, 674 F.Supp. 488, 499 (D.N.J. 1987) (planning board in New Jersey has no immunity)).

506, 512 (1978).

The Board asserts that this six-factor test favors extending absolute immunity to zoning board members. First, if zoning officials were subject to litigation every time they made an unpopular decision, it would be very difficult to find citizens willing to serve on zoning boards. Second, zoning board proceedings have substantial legal safeguards, and therefore it is unnecessary to provide private damage actions. Third, since zoning officials are appointed, they are arguably shielded from direct political influence. Fourth, Pennsylvania law contains substantial amounts of precedence governing zoning. Fifth, hearings before the zoning board are adversarial in nature. Last, erroneous decisions can be corrected on appeal.

We conclude that the District Court was correct in denying the Defendants' Motion for Summary Judgment regarding the defense of absolute immunity for the claims brought against the zoning board members, supervisors, and officer in their *official* capacities, and against the zoning hearing board and the township. The District Court erred, however, by concluding that the zoning officials in their *individual* capacities are not entitled to absolute immunity. Therefore, we will reverse. On remand, the District Court must determine whether the zoning officials were actually performing quasi-judicial functions. If the District Court concludes that all the alleged improper conduct falls outside a quasi-judicial function, then these zoning officials are immune from suit. If, however, the District Court finds that there is some conduct that falls outside this

11

function, then the zoning officials should proceed to trial as to that conduct.

B.      *Substantive Due Process Claim*

To prevail on substantive due process claim under § 1983, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies. *See Woodwind Estates Ltd. v. W.J. Gretkowski*, 205 F.3d 118, 123 (3d Cir. 2000) (*overruled on other grounds* by *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 399-400 (3d Cir. 2003)).  To prove a violation of substantive due process in cases involving executive action, the plaintiff must show that the state acted in a manner that "shocks the conscience." *Schieber*, 320 F.3d at 417.

"Only the most egregious official conduct 'shocks the conscience.'" *Eichenlaub*, 385 F.3d at 285 (citing *United Artist Theatre Circuit, Inc.*, 316 F.3d 399 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998))).  A land use substantive due process claim must implicate more than just disagreement about conventional zoning or planning rules in order to pass the "shock the conscience" test.  We have stated that:

> every appeal by a disappointed developer from an adverse ruling of the
> local planning board involves some claim of abuse of legal authority, but it
> is not enough simply to give these state law claims constitutional labels
> such as due process or equal protection in order to raise a substantial federal
> question under section 1983.

*Id*. at 286 (citing *United Artists*, 316 F.3d at 402 (quoting *Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir. 1982) (internal citations omitted))).

12

The Board agrees that Lonzetta has a protected property interest in its mining operation. The Board, however, contends that their actions do not meet the "shock the conscience" test, as the issuance of the cease and desist order was reasonable under the circumstances. The Board claims that there is ample evidence in the record that changes made to the quarry by Lonzetta constituted a new use requiring a new zoning permit.

The Magistrate Judge found, and the District Court agreed, that genuine issues of material fact exist regarding the Board's actions in regulating Lonzetta's quarry. Further, the Magistrate Judge found that a dispute still remains as to whether the Board acted out of a belief that they could regulate the quarry under its Ordinances and whether Lonzetta was in violation of the 1996 Ordinance or whether the Board was arbitrarily trying to close the quarry. The District Court found that since there remains substantial disagreement between the parties on this issue, an award of summary judgment to either party is inappropriate. We agree that there are remaining fact issues.

In summary, because there are remaining disputed issues of material fact, the District Court properly denied the Board's Motion for Summary Judgment on Lonzetta's substantive due process claim.

V.

We do not have jurisdiction regarding the question of qualified immunity because there are remaining disputes of fact material.

We will affirm the District Court's denial of the Board's motion for summary

13

judgment regarding the defense of absolute immunity with respect to the claims in their official capacities and against the zoning hearing board and the township. However, we will reverse and remand to the District Court for a determination as to whether the zoning officials actually performing quasi-judicial functions, and whether they are immune from suit in their individual capacities.

We will affirm the District Court's denial of the Board's Motion for Summary Judgment on Lonzetta's substantive due process claim because there are material facts in dispute.