# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-3000

_____

| | |
|---|---|
| Stacy Lane VanHorn, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Dennis Oelschlager, Individually | * |
| and in his Capacity as Executive | * |
| Secretary of the Nebraska State | * |
| Racing Commission; Dennis P. Lee, | * |
| Individually and in his Capacity | * |
| as Chairman of the Nebraska State | * |
| Racing Commission; Janell Beveridge, | * |
| Individually and in her Capacity | * |
| as Commissioner of the Nebraska | * |
| State Racing Commission; | * |
| Bob Volk, Individually and in his | * |
| Capacity as Commissioner of the | * |
| Nebraska State Racing Commission, | * |
| | * |
| Appellants, | *   Appeal from the United States |
| _____ | District Court for the |
| | District of Nebraska. |
| Douglas L. Brunk, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Dennis Oelschlager, Individually | * |
| and in his Capacity as Executive | * |
| Secretary of the Nebraska State | * |

Racing Commission; Dennis P. Lee,   *
Individually and in his Capacity     *
as Chairman of the Nebraska State    *
Racing Commission; Janell Beveridge, *
Individually and in her Capacity     *
as Commissioner of the Nebraska      *
State Racing Commission;             *
Bob Volk, Individually and in his    *
Capacity as Commissioner of the      *
Nebraska State Racing Commission,    *
                                     *
          Appellants.                *

_____

Submitted: March 17, 2006
Filed: August 10, 2006

_____

Before ARNOLD and SMITH, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

SMITH, Circuit Judge.

Dr. Stacy Lane VanHorn and his employer, Dr. Douglas L. Brunk ("Doctors"), are licensed veterinarians in the state of Nebraska. VanHorn and Brunk brought suit against Dennis Oelschlager, the Executive Secretary for the Nebraska State Racing Commission ("Commission"), and its three appointed Commissioners, Chairman Dennis P. Lee, Janell Beveridge, and Bob Volk ("Commissioners"), alleging they were denied due process and equal protection when they were disciplined by the Commission and banned from treating race horses. The district court denied the Commissioners' and Oelschlager's motion for summary judgment based on qualified or quasi-judicial immunity, finding that they did not provide the court with a

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

-2-

meaningful statement of facts[2] that were "pertinent to the outcome of the issues identified in the motion for summary judgment." (J.A. 190 (quoting NECivR 56.1(a)(2)). This appeal followed. For the reasons set forth below, we reverse.

## I. *Facts*

Drs. VanHorn and Brunk were licensed by the Commission to examine and treat horses registered for racing prior to and during 2001. In March 2001, ten horses, under the care of Dr. Brunk's veterinary clinic, tested positive for Clonidine. Clonidine is a permissible generic blood pressure medication, but it is prohibited from being administered on race day and prohibited from being in the blood stream of the horse immediately following a race. On January 7, 2002, the Commission filed separate but nearly identical formal disciplinary complaints against VanHorn and Brunk, charging, *inter alia*, that the Doctors violated the rules of racing by administering Clonidine to certain horses within 24 hours of post time, i.e., 24 hours before a race. The Doctors were also notified that if they applied for a license to treat race horses in 2002, Oelschlager would refer the applications to the Commission for a hearing with the

---

[2]Because the appellees, VanHorn and Brunk, failed to respond to the appellants' statement of material facts as required by Local Rule 56.1(b)(1) for the District of Nebraska, the district court deemed admitted all material facts in the appellants' statement. Therefore, on summary judgment, there were no material facts in dispute. Local Rule 56.1(b)(1) states in relevant part:

> (b) Opposing Party.
> (1) *Response to Movant's Statement*. The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts. The response shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other material upon which the opposing party relies. Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.

recommendation that the Doctors be required to show cause why the license should not be denied.

On April 5, 2002, VanHorn applied for a license to treat race horses. The Commission informed VanHorn that it would hold his application for further investigation. On May 10, 2002, VanHorn applied for a temporary license, which the Commission denied upon the recommendation of Oelschlager. The Commission conducted a hearing on its complaint and on VanHorn's April license application. During the hearing, the Doctors were represented by counsel, called witnesses, including an expert witness, and presented documentary and testimonial evidence.

The Commission found numerous violations and disciplined the Doctors. The Commission imposed a $2,000 fine, banned them from all premises under the Commission's jurisdiction and declared them ineligible for a license until January 1, 2006. In April 2003, the Commission issued a directive that any race horse examined or treated off-premises by a veterinarian who was ineligible for a commission license would not be permitted to race for 14 days. The Doctors claim that this directive only applied to horses that they treated.

Pursuant to the Nebraska Administrative Procedure Act, the Doctors appealed the Commission's decision to the Lancaster County District Court. The court ruled that there was insufficient evidence to support any of the Commission's charges except a failure by the Doctors to properly handle, package, and report their drug supply; it also found that the proper remedy for this violation was a $2,000 fine and a ban lasting only until July 1, 2003. The Commission appealed unsuccessfully in state court.

On July 2, 2003, VanHorn again applied for an annual license. The next day, he was told that his application would be held for further investigation. On July 8, 2003, VanHorn applied for a temporary license. This application was also placed on hold. A hearing on the temporary application was then set for September 22, 2003,

well past the end of the 2003 racing season. VanHorn withdrew his license application, and the Doctors filed the instant action in district court.

## II. *Discussion*

Oelschlager and the Commissioners argue that the district court, in denying their motion for summary judgment, erroneously found that they failed to provide a meaningful statement of facts in support of their motion. The appellants assert that the uncontroverted evidence established that the Commissioners and the Executive Secretary were acting at all relevant times under the umbrella of qualified or absolute immunity. The appellees respond by stating that the district court's summary judgment decision should be affirmed because a reasonable official would have understood that his actions violated the appellees' due process and equal protection rights. Further, the appellees contend that, in light of preexisting law, the unlawfulness of the appellants' actions was apparent.

"While the denial of a motion for summary judgment is generally unreviewable as an impermissible interlocutory appeal, we have limited authority under the collateral order doctrine to review the denial of a motion for summary judgment to the extent the motion is based on the right to absolute or qualified immunity, which protects a defendant from having to defend a lawsuit." *Hinshaw v. Smith*, 436 F.3d 997, 1002 (8th Cir. 2006). We review de novo the district court's denial of the appellants' motion for summary judgment. *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003).

"Persons who perform quasi-judicial functions are entitled to absolute immunity." *Dunham v. Wadley*, 195 F.3d 1007, 1010 (8th Cir. 1999).

> The Supreme Court has held that absolute immunity is appropriate when an official's functions are similar to those involved in the judicial process, an official's actions are likely to result in lawsuits for damages

by disappointed parties, and sufficient safeguards exist in the regulatory framework to control unconstitutional conduct.

*Id.* (internal citations omitted). Upon careful review, we find that the appellants are entitled to absolute, quasi-judicial immunity. The Commission consists of three members appointed by the governor and confirmed by the legislature, and one Executive Secretary hired by the Commission. Neb. Rev. Stat. §§ 2-1201, 2-1202. The appointments are arranged so that one expires every year. When conducting disciplinary hearings, the Commission is empowered by statute to do the following:

(1) prepare an official record which shall include testimony and exhibits;
(2) admit evidence pursuant to the rules of evidence applicable in state court;
(3) give effect to the rules of privilege recognized by law;
(4) administer oaths, issue subpoenas, compel the attendance of witnesses and the production of any papers, books, accounts, documents and testimony and cause depositions to be taken;
(5) take notice of judicially cognizable facts and take notice of general, technical, or scientific facts within its specialized knowledge;
(6) require the submission of briefs;
(7) render its final decision stating its findings of fact and conclusions of law; and, *inter alia*,
(8) designate any person(s) to make investigations as the Commission deems necessary to assist with the determination of any matter within its jurisdiction.

294 Neb. Admin. Code, Ch.7, §§ 001.10, .10A, .10B, .10E, .10F, .10G & .13 (2006).

In addition, the person who is the subject of a disciplinary hearing is entitled to the following as a matter of right:

(1) to remain silent;
(2) to the benefit of counsel, including the opportunity to confer with counsel in preparation of a defense;

(3) to a speedy and public hearing;

(4) to present evidence and to testify in person at his or her hearing;

(5) to cross-examine witnesses who testify against him or her;

(6) to appear personally and be represented by counsel, or appear by and through such counsel or other personal representative;

(7) a decision in writing from the Commission accompanied by findings of fact and conclusions of law;

(8) if aggrieved by the final decision of the Commission, any party may request a rehearing by the Commission; and, *inter alia*,

(9) "Any party aggrieved by the decision of the Racing Commission after the hearing, rehearing or denial of a rehearing may appeal to a District Court of the State . . ."

Neb. Rev. Stat. § 2-1245(6) (2005); 294 Neb. Admin. Code, Ch. 7, §§ 001.09, .11, .14 & .15 (2006).

As evidenced by these statutory provisions, first, the Commission's powers in conducting disciplinary hearings are similar to judicial powers. Second, the Commissioners' actions are likely to result in lawsuits for damages by disappointed parties, as illustrated by the instant lawsuit. Third, sufficient safeguards exist in the regulatory framework to control unconstitutional conduct. Specifically, aggrieved parties may appeal the Commission's decision in state court.

Here, the Commission held hearings regarding the complaints against VanHorn and Brunk on September 23 and 24, October 22, and November 24, 2002. VanHorn and Brunk received copies of all documents relied upon by the Commission in those hearings. On December 23, 2002, the parties submitted closing arguments by brief. On December 31, 2002, the Commission issued its findings of fact and conclusions of law. "To the extent that the [Commission] weighed evidence, made factual determinations, determined sanctions, and issued [a] written decision[], we conclude that these duties are functionally comparable to the duties performed by courts." *Dunham*, 195 F.3d at 1011.

In *Dunham*, a veterinarian sued members of the Arkansas Veterinary Medical Examining Board, claiming that she was deprived of her property interest in a statutory licensing exemption without receiving due process of law. *Id.* at 1009. We held that the board members were entitled to absolute, quasi-judicial immunity by virtue of the fact that their proceedings were quasi-judicial in nature. *Id.* The same reasoning applies to the facts of this case. Not only are the reviewing bodies similar in nature, but their functions are virtually identical. Thus, the holding in *Dunham* is controlling in the instant case. Because the appellants' "actions were functionally comparable to those of judges and prosecutors, they are entitled to absolute immunity." *Id.* at 1011.

## III. *Conclusion*

For the reasons stated, the district court's denial of summary judgment is reversed, and this case is remanded for further proceedings consistent with this opinion.

_____