# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3761

_____

| | | |
|---|---|---|
| Stacy Lane VanHorn, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Dennis Oelschlager, Individually and in | * | District of Nebraska. |
| his capacity as Executive Secretary of | * | |
| the Nebraska State Racing Commission; | * | |
| Dennis P. Lee, Individually and in his | * | |
| capacity as Chairman of the Nebraska | * | |
| State Racing Commission; Janell | * | |
| Beveridge, Individually and in her | * | |
| capacity as Commissioner of the | * | |
| Nebraska State Racing Commission; | * | |
| Bob Volk, Individually and in his | * | |
| capacity as Commissioner of the | * | |
| Nebraska State Racing Commission, | * | |
| | * | |
| Defendants - Appellants, | * | |
| _____ | * | |
| | * | |
| Douglas L. Brunk, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Dennis Oelschlager, Individually and | * | |
| in his capacity as Executive Secretary | * | |
| of the Nebraska State Racing | * | |
| Commission; Dennis P. Lee, | * | |

Individually and in his capacity as     *
Chairman of the Nebraska State Racing   *
Commission; Janell Beveridge;     *
Bob Volk, Individually and in his     *
capacity as Commissioner of the     *
Nebraska State Racing Commission,     *
                                         *
          Defendants - Appellants.    *

_____

Submitted: June 11, 2007
Filed: September 26, 2007

_____

Before MELLOY, SMITH, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

Dennis Oelschlager, the Executive Secretary for the Nebraska State Racing Commission ("the Commission"), and its three appointed Commissioners, Chairman Dennis P. Lee, Janell Beveridge, and Bob Volk ("the Commissioners") seek an interlocutory appeal. Oelschlager and the Commissioners request reversal of the district court's[1] denial of their motion to reconsider its order directing that lawsuits filed by Dr. Stacy Lane VanHorn and Dr. Douglas L. Brunk shall proceed against Oelschlager and the Commissioners in their official capacities. We now dismiss the interlocutory appeal for lack of jurisdiction.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

## I. *Background*

The background facts underlying this dispute are fully set forth in our prior opinion, *VanHorn v. Oelschlager*, 457 F.3d 844 (8th Cir. 2006) ("*VanHorn I*"). We repeat the underlying facts here only as necessary to the instant appeal.

Dr. VanHorn and his employer, Dr. Brunk, licensed veterinarians in the State of Nebraska, brought suit against Oelschlager and the Commissioners, alleging that they were denied due process and equal protection. They contended that the Commission violated these constitutional rights when it disciplined and banned them from treating race horses. The district court denied Oelschlager and the Commissioners' motion for summary judgment based on qualified or quasi-judicial immunity. On appeal, we reversed the district court, holding that "[u]pon careful review, we find that the appellants are entitled to absolute, quasi-judicial immunity." *VanHorn I*, 457 F.3d at 847. We concluded that "the holding in *Dunham* [*v. Wadley*, 195 F.3d 1007 (8th Cir. 1999),] [was] controlling in the instant case." *Id.* at 848. We therefore reversed the district court's denial of summary judgment to Oelschlager and the Commissioners and "remanded for further proceedings consistent with th[at] opinion." *Id.* at 848.

On remand, the district court denied in part Oelschlager and the Commissioners' motion for summary judgment, finding that the claims against them in their official capacities for declaratory and injunctive relief should proceed. Oelschlager and the Commissioners filed a motion for reconsideration, arguing that the district court should have dismissed the case in its entirety based on our holding in *VanHorn I*.

The district court denied the motion for reconsideration, explaining that absolute, quasi-judicial immunity "only applies to individual capacity suits" and that the only immunities that apply in an official-capacity action "'are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment.'" (Citing *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)).

-3-

Additionally, the district court rejected Oelschlager and the Commissioners' argument that they were absolutely immune from suit for injunctive or declaratory relief. The district court noted that the 1996 amendment to 42 U.S.C. § 1983 provided that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." According to the district court, no authority existed for the proposition that Oelschlager and the Commissioners qualified as "judicial officers" merely because this court concluded that their actions "were functionally comparable to those of judges and prosecutors." *VanHorn I*, 457 F.3d at 848. Furthermore, the district court noted that this court previously held in *Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 530–31 (8th Cir. 2005), that prosecutors are not immune from suit for injunctive relief under § 1983.

Finally, the district court found no support for Oelschlager and the Commissioners' claim that judicial officers cannot be sued for declaratory relief under § 1983. Thus, the district court ordered the actions against Oelschlager and the Commissioners in their official capacities for declaratory and injunctive relief to proceed.

## II. *Discussion*

On appeal, Oelschlager and the Commissioners argue that the district court (1) erred in holding that absolute, quasi-judicial immunity "only applies to individual capacity suits," as the issue of immunity goes to the act, rather than the actor, and is based upon the function performed and (2) erroneously *implicitly* applied *Ex Parte Young*, 209 U.S. 123 (1908), in concluding that absolute, quasi-judicial immunity does not extend to claims for injunctive and declaratory relief.

In response, Dr. VanHorn and Dr. Brunk argue that this court lacks jurisdiction to hear the appeal. They acknowledge that a denial of summary judgment based on

-4-

qualified immunity is immediately appealable to the extent that the appellant seeks review of the purely legal determinations made by the district court. They argue, however, that no immunity exists for claims against the appellants in their official capacities for injunctive and declaratory relief. Thus, they assert that Oelschlager and the Commissioners cannot take an interlocutory appeal to this court.

"As an initial matter, this court must consider its jurisdiction of the interlocutory appeal." *Alternate Fuels, Inc. v. Cabanas*, 435 F.3d 855, 858 (8th Cir. 2006). "A court has jurisdiction to determine its own jurisdiction." *United States v. Haskins*, 479 F.3d 955, 957 (8th Cir. 2007). "The denial of summary judgment is not generally a final order subject to immediate appeal." *Alternate Fuels*, 435 F.3d at 858. Under the collateral order doctrine, however, when the defense of absolute immunity is available, "an interlocutory appeal lies from a denial of absolute immunity." *Id*.

Here, Oelschlager and the Commissioners are appealing from the denial of absolute, quasi-judicial immunity for claims against them in their official capacities for declaratory and injunctive relief. As an initial matter, we must first determine whether such immunity is available to them when they are sued in their official capacities. If it is not available, then this court cannot entertain their interlocutory appeal from the *denial* of such immunity. Specifically, the question is whether in *VanHorn I*, in finding that Oelschlager and the Commissioners were entitled to absolute, quasi-judicial immunity, we extended such immunity to them in both their individual *and* official capacities.

In *VanHorn I*, we concluded that Oelschlager and the Commissioners were entitled to absolute, quasi-judicial immunity based on our holding in *Dunham*. At issue in *Dunham* was a veterinarian's appeal of the district court's grant of summary judgment to members of the Arkansas Veterinary Medical Examining Board ("the Board") based on the veterinarian's § 1983 claims. 195 F.3d at 1008. The district court had held that the Board members were absolutely immune from suit "by virtue of the

fact that their proceedings were quasi-judicial in nature." *Id*. On appeal, we determined that "[p]ersons who perform quasi-judicial functions are entitled to absolute immunity." *Id*. at 1010. Because we found that "the defendants' actions were functionally comparable to those of judges and prosecutors," we held that they were "entitled to absolute immunity." *Id*. at 1011.

In *Dunham*, however, the plaintiff only brought suit against the defendants in their *individual capacities*, not in their *official capacities*.[2] Therefore, *Dunham* does not resolve whether Oelschlager and the Commissioners are entitled to absolute, quasi-judicial immunity for claims against them in their official capacities.

We have previously indicated that immunity only extends to claims against government employees sued in their individual capacities. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Qualified immunity is not a defense available to governmental entities, but only to government employees sued in their individual capacity."); *Davis v. Hall*, 375 F.3d 703, 710 n.3 (8th Cir. 2004) (approving of the district court's conclusion that neither qualified immunity nor absolute immunity was available to a government employee sued in his official capacity). Furthermore, the Supreme Court has specifically stated that "[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Graham*, 473 U.S. at 167.

Case law from our sister circuits also supports the conclusion that absolute, quasi-judicial immunity only extends to claims against defendants sued in their

---

[2]In the district court's order granting the defendants' motion for summary judgment in *Dunham*, the district court stated that the plaintiff brought the § 1983 action "against defendants, all members or former members of the Arkansas Veterinary Medical Examining Board ("the Board"), in their *individual capacities*." (Emphasis added).

individual—not official—capacities. *See, e.g.*, *Lonzetta Trucking & Excavating Co. v. Schan*, 144 Fed. Appx. 206, 210–211 (3d Cir. 2005) (unpublished) ("Therefore, it follows that the zoning officials . . . would be entitled to absolute immunity in their *individual* capacities if they were performing 'quasi-judicial' functions. However, the zoning officials in their *official* capacities . . . are not entitled to absolute immunity.") (emphasis in original); *Denton v. Bedinghaus*, 40 Fed. Appx. 974 (6th Cir. 2002) (unpublished) ("Of critical importance here is that plaintiffs sue defendants in only their official capacities. Yet, immunity defenses apply to individual capacity suits and they do not shield municipalities from § 1983 liability."); *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (rejecting municipal fire and police service board members' argument that the district court erred in not holding that the board and its members were entitled to absolute, quasi-judicial immunity in their "official capacities" because such an argument "misconstrues the distinction between immunities available for 'individual-capacity' and 'official capacity' suits under § 1983"); *Alkire v. Irving*, 330 F.3d 802, 810–11 (6th Cir. 2003) (holding that "as a result of being sued only in their official capacities, Sheriff Zimmerly and Judge Irving cannot claim any personal immunities, such as quasi-judicial or qualified immunity, to which they might be entitled if sued in their individual or personal capacities.").

We, like the Fifth Circuit, acknowledge that confusion can often arise in litigation when "[c]ourts discuss immunity defenses without clearly articulating to whom and in which capacity [immunity] defenses apply. . . ." *Turner*, 229 F.3d at 485. Nevertheless, this court's precedent, Supreme Court precedent, and case law from our sister circuits make clear that absolute, quasi-judicial immunity is not available for defendants sued in their official capacities. This court in *VanHorn I* did not extend absolute, quasi-judicial immunity to such claims and, in fact, specifically found *Dunham* controlling—a case that only extended absolute, quasi-judicial immunity to the defendants sued in their individual capacities.

Therefore, we hold that the defense of absolute, quasi-judicial immunity is not available to Oelschlager and the Commissioners for claims against them in their official capacities; thus, they cannot seek an interlocutory appeal from the denial of such immunity.

### III. *Conclusion*

Accordingly, we dismiss the appeal for lack of jurisdiction.

_____