# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-3755

_____

Deborah Ann Campbell

*Plaintiff - Appellee*

v.

State of Iowa, Third Judicial District Department of Correctional Services; Linn
Hall; Steve Scholl, in his official capacity

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: October 17, 2012
Filed: January 11, 2013

_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Deborah Ann Campbell sued her former employer, the Third Judicial District
Department of Correctional Services, and its current and former directors under 42
U.S.C. § 1983. She claims that the Judicial District fired her in violation of the First
Amendment. The defendants moved for summary judgment based on qualified

immunity, which the district court[1] denied.  The defendants appeal.  Having no jurisdiction under 28 U.S.C. § 1291, this court remands.

Campbell began working in 1994 as a grant coordinator for the Batterers' Education Program (BEP).  The Judicial District became her employer in 1998.  On September 8, 2006, Karen K. Borg became Campbell's supervisor.  Borg instructed Campbell to change the BEP.  Campbell responded that the changes would have a negative impact on victim safety, jeopardize the BEP's accreditation, and violate Iowa law.  Campbell raised her concerns to Judicial District director Linn Hall, the Judicial District's personnel committee, and the Community Coalition Against Domestic Violence (a group of government agencies and community organizations, including judges, prosecutors, police, and charities).  Campbell's relationship with the defendants deteriorated over the following year and a half.  She believes that the defendants never addressed her concerns and retaliated against her.  The Judicial District terminated Campbell's employment on February 28, 2008, although she was later permitted to resign.

"This court must independently ascertain its own jurisdiction, even on its own motion."  *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011).  Because a denial of summary judgment is not a final decision, this court ordinarily lacks jurisdiction to immediately review it. *McCaster v. Clausen*, 684 F.3d 740, 745 (8th Cir. 2012).  This court may immediately review a denial of qualified immunity under the collateral order doctrine, *id.*, *citing Johnson v. Jones*, 515 U.S. 304, 311-12 (1995), if raised by a proper party.

Campbell sued the Judicial District, and Scholl in his official capacity as its current director.  The Judicial District is a government entity.  "A suit against a public

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

employee in his or her official capacity is merely a suit against the public employer. Qualified immunity is not a defense available to governmental entities, but only to government employees sued in their individual capacity." ***Johnson v. Outboard Marine Corp.***, 172 F.3d 531, 535 (8th Cir. 1999) (internal citation omitted); ***VanHorn v. Oelschlager***, 502 F.3d 775, 778-79 (8th Cir. 2007); *see **Kentucky v. Graham***, 473 U.S. 159, 167 (1985) ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment."). If the Judicial District and Scholl asserted qualified immunity, it would not be available.

Campbell sued Hall in his individual capacity. Hall died after the filing of the original complaint. No party formally moved to suggest his death or to substitute a proper party in the district court under Fed. R. Civ. P. 25(a)(1), or in this court under Fed. R. App. P. 43(a). The deceased Hall is not a proper party on appeal. ***Younts v. Fremont Cnty., Iowa***, 370 F.3d 748, 752 (8th Cir. 2004). This court has no authority to substitute a proper party for Hall. ***Id.*** ("Regardless of the proceedings below, our court has not received a formal suggestion of death or a motion for substitution; thus, we have no authority to substitute a proper party for Younts."); *see **Kuelbs v. Hill***, 615 F.3d 1037, 1042 (8th Cir. 2010) ("When a party dies, a motion for substitution must be brought before the court may order substitution [under Rule 25(a)(1)] . . . ."). As no other defendant has a similar claim to qualified immunity, it is not appropriate to proceed without substitution. *See **Hardie v. Cotter & Co.***, 849 F.2d 1097, 1098 n.2 (8th Cir. 1988) (finding it appropriate under Rule 43(a) to address the appellants' similar claims even though one of them died and no substitution was made).

The appeal is dismissed for lack of jurisdiction.

_____