# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-1663

_____

Alonzo Gilliam

*Plaintiff - Appellant*

v.

Norman L. Hodges, Jr., Director, Arkansas State Claims Commission; John Does,
Committee Members and Clerks, Arkansas State Claims Commission

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 4, 2015
Filed: September 17, 2015
[Unpublished]

_____

Before SMITH, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Alonzo Gilliam appeals the district court's dismissal of his
pro se complaint against the Arkansas State Claims Commission (ACC) director,
committee members, and clerks. Gilliam alleges he was denied due process, access
to the courts, and equal protection when his personal-injury and property claims were

dismissed in violation of 42 U.S.C. §§ 1983, 1985(2), (3), and 1986. The district court dismissed his complaint because Gilliam could not relitigate his ACC case in federal court. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Gilliam claims that he is not attempting to relitigate his ACC case, noting that the ACC does not have jurisdiction over the constitutional claims he is raising. As Gilliam correctly states, the ACC has no jurisdiction to decide his constitutional claims. The ACC did not rule on Gilliam's claims that defendants denied him due process and retaliated against him for exercising his constitutional rights. *See Smith v. Johnson*, 779 F.3d 867, 870-71 (8th Cir. 2015) (ACC did not have jurisdiction over constitutional claims, and did not decide issues involved in § 1983 action).

A district court's judgment can be affirmed on any basis supported by the record. *See United States v. Santos-Garcia*, 313 F.3d 1073, 1079 (8th Cir. 2002). This court concludes that defendants had absolute, quasi-judicial immunity as to the individual-capacity claims, because ACC hearings contain sufficient adversarial procedures to qualify as quasi-judicial proceedings. *See* Ark. Code § 19-10-207 (ACC director and members have authority to administer oaths, subpoena witnesses, examine records, and require production of materials; false statements by claimants or witnesses to whom an oath has been administered constitute perjury); § 19-10-210(b) (parties have full opportunity to present evidence and argument and cross-examine witnesses; to extent practicable, ACC shall adopt procedure used by circuit courts, and its hearing shall be conducted in a judicial manner); § 19-10-211(a) (ACC decisions can be appealed to General Assembly); *VanHorn v. Oelschlager*, 457 F.3d 844, 847-48 (8th Cir. 2006) (absolute quasi-judicial immunity applies when official's functions are similar to those involved in judicial process and sufficient safeguards exist in regulatory framework to control unconstitutional conduct). Procedures before the ACC are similar to those followed by other state boards and commissions that engage in adjudicative proceedings, and whose officials are entitled to quasi-judicial immunity. *See Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 92-

93, 98-99, 101 (3d Cir. 2011) (Gaming Board members); *Buser v. Raymond*, 476 F.3d 565, 567-71 (8th Cir. 2007) (Chief Medical Officer of Nebraska Board of Medicine and Surgery); *VanHorn,* 457 F.3d at 848 (Nebraska State Racing Commissioners); *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (Indiana Civil Rights Commissioners). This court further concludes that defendants acted within their quasi-judicial capacity. *Cf. Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (per curiam).

Defendants had sovereign immunity for the official-capacity claims. *See Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011) (state officials sued in official capacity possess Eleventh Amendment immunity from damages claims). To the extent Gilliam sought equitable relief, he did not indicate he has pursued his statutory right to appeal to the General Assembly for redress of the ACC's denial of his constitutional rights. *See* Ark. Code § 19-10-211(a); *O'Shea v. Littleton*, 414 U.S. 488, 499, 502 (1974) (equitable relief requires, inter alia, showing of inadequate remedy at law).

The district court did not abuse its discretion in denying Gilliam's post-judgment motion to amend, or his Fed. R. Civ. P. 59(e) motion. *See Horras v. Am. Capital Strategies, LTD*, 729 F.3d 798, 804 (8th Cir. 2013); *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (standard of review).

The judgment is affirmed.

_____