# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1924

_____

United States of America,

        Appellee,

v.

Austin A. Haskins,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the District
\*  of Nebraska.
\*
\*  [PUBLISHED]
\*
\*

_____

Submitted: March 16, 2007
Filed: March 20, 2007

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

After receiving a 41-month prison sentence, Austin Anderson Haskins asked the government to file a Motion to Reduce Sentence. FED. R. CRIM. P. 35(b). Due to his cooperation with several investigations, the government agreed. At the hearing, the government recommended a ten-percent reduction; Haskins wanted more. The district court[1] reduced his sentence to 36 months. Haskins appeals. The appeal is dismissed.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

## I.

In September 2003 police searched Haskins's home. Instead of the crack-cocaine described in the warrant, they found a .22 caliber pistol. Haskins was charged as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The Presentence Report calculated a Guidelines range of 41-to-51 months, with a criminal history category of VI and an offense level of 15 (after a three-level downward departure for acceptance of responsibility).

The government considered prosecuting Haskins as an Armed Career Criminal, carrying a minimum sentence of 15 years. 18 U.S.C. §§ 922(g)(1), 924(e). Haskins's prior felonies include three Illinois convictions for robbery and armed robbery in the 1970s. But because of the convictions' age and an intervening fire, the government could not obtain certified copies of the convictions. Instead, Haskins pled guilty as a felon in possession of a firearm. He was sentenced to 41 months, the bottom of the Guidelines range.

Sometime after his arrest, Haskins began cooperating with the government. He proffered information against one person already serving a lengthy prison term, but the government chose not to prosecute. Haskins then gave information against two individuals, who later pled guilty to federal charges. He also went undercover to buy drugs, and claims being threatened in prison for acting as an informant.

At the Motion to Reduce Sentence hearing, the government argued that his information was "worth something–not a whole lot, but it's worth something." The government reminded the court that Haskins already benefitted by not being prosecuted as an Armed Career Criminal, and that a ten-percent reduction would adequately reflect his cooperation. Haskins responds that the government dropped the Armed Career Criminal charge because it lacked certified copies of the convictions.

To support a greater reduction, Haskins points to the extent and risks of his cooperation.

The district court reduced Haskins's sentence by ten percent. Rejecting his request for a greater reduction, the court explained, "it does appear that the defendant did receive certain benefits, certain considerations at the time of the initial sentencing." On appeal, Haskins states the issue as whether his 36-month sentence is unreasonable.

## II.

A court has jurisdiction to determine its own jurisdiction. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 291 (1947). Haskins asserts that this court "has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which provides for review of a final order subject to appeal, and pursuant to 18 U.S.C. § 3742, which allows for review of a federal sentence."

Haskins is mistaken. Jurisdiction over an appeal of a Rule 35(b) sentence is governed by 18 U.S.C. § 3742(a), not the general grant in 28 U.S.C. § 1291. *See, e.g., United States v. Moran*, 325 F.3d 790, 792-93 (6th Cir. 2003); *United States v. McDowell*, 117 F.3d 974, 976-78 (7th Cir. 1997); *United States v. McMillan*, 106 F.3d 322, 324 n.4 (10th Cir. 1997); *United States v. Doe*, 93 F.3d 67, 67-68 (2nd Cir. 1996); *United States v. Pridgen*, 64 F.3d 147, 149-50 (4th Cir. 1995); *United States v. Arishi*, 54 F.3d 596, 598-99 (9th Cir. 1995); *United States v. Chavarria-Herrara*, 15 F.3d 1033, 1034-36 (11th Cir. 1994). *Contra United States v. McAndrews*, 12 F.3d 273, 277-78 (1st Cir. 1993) ("the appealability of an order resolving a Rule 35(b) motion is not controlled by 18 U.S.C. § 3742 because such an order is not, properly speaking, a sentence. . . . An order granting or denying a Rule 35(b) motion is, thus, a final decision for purposes of section 1291.").

This court lacks jurisdiction under section 3742(a) to hear a defendant's appeal of the district court's ruling on a Rule 35(b) motion. *See United States v. Coppedge*, 135 F.3d 598, 599 (8th Cir. 1998). *See also United States v. McKnight*, 448 F.3d 237, 238 (3d Cir. 2006) (court lacks jurisdiction to hear defendant's appeal of a Rule 35(b) sentence reduction, because *United States v. Booker*, 543 U.S. 220 (2005), "did not expand the situations in which a defendant may appeal a sentence under 18 U.S.C. § 3742(a) to include discretionary sentencing reductions."). Although Haskins frames the issue as the sentence's overall reasonableness, he is appealing the court's ruling on the Motion to Reduce Sentence. Because Haskins does not satisfy the criteria of section 3742(a)(1)-(4), this court lacks jurisdiction to hear his appeal. *See United States v. Sykes*, 356 F.3d 863, 865 (8th Cir. 2004) ("Sykes also contends that the district court erred by not further reducing his sentence based on the government's Rule 35(b) motion. Absent an unconstitutional motive, the extent to which a district court exercises its discretionary authority to depart downward is not subject to review.").

III.

The appeal is dismissed.

_____

-4-