RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 08a0358p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 06-4506

CLARENCE PARKER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 04-00140—Thomas M. Rose, District Judge.

Submitted: September 18, 2008

Decided and Filed: October 3, 2008

Before: CLAY and GRIFFIN, Circuit Judges; STAFFORD, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Salvatore C. Adamo, LAW OFFICE OF SALVATORE C. ADAMO, Phillipsburg, New Jersey, for Appellant. Anne H. Fehrman, ASSISTANT UNITED STATES ATTORNEY, Dayton, Ohio, for Appellee.

_____

## OPINION

_____

STAFFORD, District Judge. The defendant-appellant, Clarence Parker, appeals from the reduced sentence imposed by the district court on the government's Rule 35(b) motion to reduce sentence based on Parker's substantial assistance. Parker maintains that the district court failed to take into consideration certain factors that would purportedly warrant an additional downward departure. We **DISMISS** the appeal for lack of appellate jurisdiction under 18 U.S.C. § 3742(a).

### BACKGROUND

The facts are not in dispute. Briefly, Parker was a member of large-scale powder and crack cocaine distribution and money laundering organization based in Dayton, Ohio. In 2004, he was charged with (1) conspiracy to distribute and to possess with the intent to distribute in excess of 150

---

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

kilograms of cocaine, and (2) conspiracy to launder money. Parker pleaded guilty to the two charges, knowing that the statutory maximum sentence was life imprisonment, the statutory mandatory minimum sentence was 10 years, and the applicable advisory guidelines range was 135 to 168 months. The district court sentenced Parker to the mandatory minimum sentence of 120 months.

A year after Parker was sentenced, the government filed a motion to reduce Parker's sentence pursuant to Rule 35(b). Based on that motion, Parker was re-sentenced to 60 months in prison on both counts to run concurrently. Parker thereafter filed this timely appeal.

### *DISCUSSION*

Citing 18 U.S.C. § 3742(a), the government contends that Parker's appeal should be dismissed for lack of jurisdiction. Section 3742(a) provides that a defendant may appeal an "otherwise final sentence" *if* the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

In *United States v. Moran*, 325 F.3d 790 (6th Cir. 2003), this court held that, because a district court's ruling on a Rule 35(b) motion falls within the plain meaning of an "otherwise final sentence," appeal of such ruling is governed by section 3742(a). *Id.* at 792. At least eight other circuit courts have likewise concluded that section 3742(a) governs appellate review of a district court's reduction of sentence pursuant to Rule 35(b). *United States v. McGee*, 508 F.3d 442, 445 (7th Cir. 2007); *United States v. Haskins*, 479 F.3d 955, 957 (8th Cir. 2007); *United States v. McKnight*, 448 F.3d 237, 238 (3d Cir. 2006); *United States v. McMillan*, 106 F.3d 322, 324 n.4 (10th Cir. 1997); *United States v. Doe*, 93 F.3d 67, 69 (2d Cir. 1996); *United States v. Pridgen*, 64 F.3d 147, 149-50 (4th Cir. 1995); *United States v. Arishi*, 54 F.3d 596, 597-98 (9th Cir. 1995); *United States v. Chavarria-Herrara*, 15 F.3d 1033, 1035-36 (11th Cir. 1994). Four of those circuits—the Third, Seventh, Eighth and Eleventh—have considered the issue since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), concluding (with little discussion) that *Booker* did not expand the situations in which a defendant may appeal a sentence under 18 U.S.C. § 3742(a). *McGee*, 508 F.3d at 445; *Haskins*, 479 F.3d at 957; *McKnight*, 448 F.3d at 238; *United States v. Ross*, 280 F. App'x 896, 897 (11th Cir. 2008).

In *Booker*, having rendered the Sentencing Guidelines advisory only, the Supreme Court replaced the prior standard of appellate review—articulated in 18 U.S.C. § 3742(e)—with review for unreasonableness. The Court explained that, while its decision required the excision of section 3742(e) from the Sentencing Reform Act ("Act"), other sections of the Act—namely, sections 3742(a) and (b), providing for sentencing appeals by the defendant and by the government respectively—"continue[] to provide for appeals from sentencing decisions . . . ." *Booker*, 543 U.S. at 260. Because *Booker* left intact sections 3742(a) and (b), appellate courts have the same jurisdiction to review sentences post-*Booker* as they had before *Booker* was decided.

In this case, Parker contends that the district court's decision to reduce his sentence to 60 months was unreasonable, the court having purportedly failed to take into consideration Parker's peripheral role in the conspiracies, his age, and/or his employment history. Because 18 U.S.C. § 3742(a) governs this appeal, and because Parker has not raised any colorable claim that his appeal falls within the narrow jurisdictional parameters set out in section 3742(a), this court lacks jurisdiction to review the district court's judgment reducing Parker's sentence under Rule 35(b). Accordingly, we **DISMISS** Parker's appeal of his reduced sentence.