In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3623

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MASHICA SPANN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 09-Cr-244—**Rudolph T. Randa,** *Judge.*

SUBMITTED MAY 2, 2012—DECIDED MAY 29, 2012

Before RIPPLE, WILLIAMS, and SYKES, *Circuit Judges.*

PER CURIAM. While on probation for a state drug con-
viction, Mashica Spann met Carlos Hoffman in court-
mandated group therapy and joined his heroin-distribu-
tion ring. She was indicted in federal court for her role
in the operation and pleaded guilty to conspiracy to dis-
tribute heroin, *see* 21 U.S.C. §§ 846, 841(a)(1), a crime
that presumptively mandated a minimum prison term of
five years because the conspiracy involved 100 or more
grams, *id.* § 841(b)(1)(B). After rejecting Spann's argument

that she was a minimal or minor participant in the crime, *see* U.S.S.G. § 3B1.2, the district court calculated her guidelines imprisonment range as 57 to 71 months without the mandatory minimum, which made the applicable range 60 to 71 months, *see* U.S.S.G. § 5G1.1(c)(2); *United States v. Gonzalez*, 534 F.3d 613, 615 (7th Cir. 2008). But the government moved for a sentence below the mandatory minimum, citing Spann's substantial assistance in the investigation of Hoffman and others. *See* 18 U.S.C. § 3553(e). The court granted the motion and sentenced Spann to 24 months, less than half of the mandatory minimum and more than a year below the government's most favorable recommendation.

Spann filed a notice of appeal, but her appointed counsel has concluded that the appeal is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Spann has not accepted our invitation to comment on counsel's facially adequate submission. *See* CIR. R. 51(b). We limit our review to the potential issues that counsel discusses. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Spann does not want her guilty plea set aside, so counsel properly forgoes discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first considers arguing that the district court undervalued Spann's cooperation and did not shave enough time from the statutory minimum. But valuing substantial assistance given as part of a cooperation agreement under 18 U.S.C. § 3553(e) is a matter within the sentencing court's discretion, and thus counsel

rightly concludes that an appellate claim challenging the reduction as too little would be frivolous because we lack jurisdiction to review the contention. *See* 18 U.S.C. § 3742(a); *United States v. Thomas*, 11 F.3d 732, 735 (7th Cir. 1993); *United States v. Shaffer*, 993 F.2d 625, 628-29 (7th Cir. 1993); *United States v. Dean*, 908 F.2d 215, 217-18 (7th Cir. 1990). Although these cases predate *United States v. Booker*, 543 U.S. 220 (2005), we have explained in discussing sentence reductions under Federal Rule of Criminal Procedure 35(b) that *Booker* did not alter our limited jurisdiction under 18 U.S.C. § 3742(a), which is also the source of our jurisdiction here. *See United States v. McGee*, 508 F.3d 442, 444-45 (7th Cir. 2007) (concluding that challenging extent of sentence reduction under Rule 35(b) would be frivolous); *see also United States v. Chapman*, 532 F.3d 625, 628 (7th Cir. 2008); *United States v. Parker*, 543 F.3d 790, 792 (6th Cir. 2008); *United States v. Haskins*, 479 F.3d 955, 957 (8th Cir. 2007); *United States v. McKnight*, 448 F.3d 237, 238 (3d Cir. 2006). We see no principled basis to distinguish sentence reductions given under Rule 35(b) from those given under § 3553(e), so we would conclude that we lack jurisdiction over a claim that the district court should have been more generous in rewarding Spann for her cooperation.[1]

---

[1] We express no opinion on whether we similarly would lack jurisdiction over an appellate claim that a district court undervalued a defendant's cooperation in granting a motion under U.S.S.G. § 5K1.1 in a case in which the bottom of the guidelines imprisonment range was not set by a statutory

(continued...)

Counsel next considers arguing that the district court erred in rejecting Spann's contention that she was a minor or minimal participant in the conspiracy. *See* U.S.S.G. § 3B1.2. Though the court might have discussed this guidelines question more extensively, we agree with counsel that a challenge to the adverse ruling would be frivolous. When relying on § 3553(e) as authority to sentence a defendant below a mandatory minimum, a district court may not reduce the sentence based on factors other than the defendant's cooperation. *E.g., United States v. Johnson*, 580 F.3d 666, 672-73 (7th Cir. 2009); *United States v. Winebarger*, 664 F.3d 388, 396 (3d Cir. 2011); *United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir. 2009); *United States v. Burns*, 577 F.3d 887, 894 (8th Cir. 2009) (en banc). The bottom of Spann's guidelines imprisonment range ultimately was determined by the statutory minimum penalty, *see* U.S.S.G. § 5G1.1(c)(2); *Gonzalez*, 534 F.3d at 615; *United States v. Tyler*, 125 F.3d 1119, 1120 (7th Cir. 1997). Any possible error in not applying § 3B1.2 was necessarily harmless because the court sentenced below the mandatory minimum, and any reduction below that minimum had to be based on cooperation alone.

---

[1] (...continued)

minimum. *Compare United States v. Anonymous Defendant*, 629 F.3d 68, 73-75 (1st Cir. 2010) (concluding that, post-*Booker*, appeals courts have jurisdiction over such claims), *with United States v. Berni*, 439 F.3d 990, 992-93 (8th Cir. 2006) (reaching opposite conclusion, though examining district court's assessment of defendant's cooperation as part of review of sentence's reasonableness).

Counsel last considers whether Spann could challenge the substantive reasonableness of her prison sentence but correctly concludes that such a challenge would be frivolous. As we have explained, Spann's sentence falls below the statutory minimum, and we have no authority to consider whether the district court should have deviated further from that minimum to reflect Spann's cooperation. Moreover, the district court could not have deviated further from the minimum based on an analysis of the factors set forth in 18 U.S.C. § 3553(a). We thus would have no basis to assail the reasonableness of the sentence.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.