NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 25, 2013
Decided February 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-3069 | |
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>REYNALDO ESCALANTE-VELAZQUEZ,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:11CR00103-002<br><br>William T. Lawrence,<br>*Judge.* |

**O R D E R**

    Reynaldo Escalante-Velazquez and a codefendant sold two kilograms of cocaine to an informant. He pleaded guilty to conspiracy to possess with intent to distribute and, because the amount of cocaine was at least 500 grams, faced a presumptive statutory minimum of 5 years in prison. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(ii). In his plea agreement Escalante-Velazquez waived the right to appeal his conviction or sentence on any ground so long as the district court imposed a prison term within or below the guidelines range stipulated by the parties, which was 60 to 71 months. He was sentenced below that range to 51 months after the government moved to release him from the statutory minimum to reward him for providing substantial assistance. *See* 18 U.S.C. § 3553(e). Escalante-Velazquez filed a notice of appeal despite the waiver, explaining to

appointed counsel that he thinks 51 months in prison is too long. The lawyer asserts, however, that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Escalante-Velazquez has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

We agree with counsel that an appeal would be frivolous. Not only is Escalante-Velazquez bound by his appellate waiver if his guilty plea was entered voluntarily, *see United States v. Kilcrease*, 665 F.3d 924, 929 (7th Cir. 2012); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), but we lack jurisdiction to entertain claims that district judges undervalued a defendant's cooperation when exercising authority under § 3553(e) to sentence below a statutory minimum, *see* 18 U.S.C. § 3742(a); *United States v. Spann,* 682 F.3d 565, 566 (7th Cir. 2012); *United States v. Thomas,* 11 F.3d 732, 735 (7th Cir. 1993). Escalante-Velazquez has told counsel that he does not wish to challenge his guilty plea, and thus counsel appropriately omits discussion about the plea colloquy and the voluntariness of the plea. *See United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002). Moreover, the only argument Escalante-Velazquez possibly could make is that the court undervalued his cooperation. Under 18 U.S.C. § 3553(e) a district court may consider *only* a defendant's cooperation as a reason to go below the statutory minimum, *Spann,* 682 F.3d at 566; *United States v. Johnson,* 580 F.3d 666, 672–73 (7th Cir. 2009), and his sentence is already below that minimum.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.