NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 12, 2012
Decided March 19, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-1139

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10 CR 59 |
| MAURICE McMURTRY, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Maurice McMurtry pleaded guilty to conspiracy to distribute heroin, 21 U.S.C. §§ 846, 841(a)(1). Because the conspiracy had involved at least a kilogram and resulted in the deaths of two customers who overdosed, McMurtry faced a statutory minimum prison term of 20 years. *See id.* § 841(b)(1)(A)(i). But the government moved for a sentence below that minimum based on McMurtry's cooperation. *See* 18 U.S.C. § 3553(e). The district court granted the motion and sentenced McMurtry to 157 months. On appeal he contends that the court failed to address his argument that his cooperation warranted an even lower sentence. Because we lack jurisdiction over a defendant's challenge to a district court's exercise of discretion under § 3553(e), we dismiss the appeal.

For five years McMurtry sold heroin in Milwaukee, both directly and through runners he supervised. Two men who bought heroin from his operation in 2008 overdosed and died.

McMurtry was arrested in 2010 and charged with conspiracy to distribute heroin, 21 U.S.C. § 846, 841(a)(1), and five counts of distribution, *id.* § 841(a)(1). The indictment alleged that the conspiracy had involved at least a kilogram of heroin which led to death from its use. By agreement McMurtry pleaded guilty to the conspiracy count, and the government dismissed the distribution counts.

At sentencing the district court calculated McMurtry's imprisonment range as 262 to 327 months (with a statutory minimum of 240 months). But the government cited McMurtry's extensive cooperation in the investigation and prosecution of his coconspirators in moving under 18 U.S.C. § 3553(e) for a sentence below the mandatory minimum. The government recommended a prison term of 157 months, a 40-percent reduction from the low end of the guidelines range. McMurtry argued instead for a sentence of 110 months. He contended that the government had not explained how it arrived at a 40-percent reduction and urged the court to adopt the system used by Judge Adelman in *United States v. McBride*, 789 F. Supp. 2d 1024 (E.D. Wis. 2011). Under that system, Judge Adelman evaluates a defendant's cooperation in light of the five factors listed in U.S.S.G. § 5K1.1. *See McBride*, 789 F. Supp. 2d at 1025. For each factor that is "fully present," Judge Adelman awards a reduction equivalent to lowering the defendant's offense level by two; for each factor present to a lesser degree, he effectively reduces the offense level by one. *Id.* Using that system, McMurtry argued, his cooperation merited a 9-level reduction, equivalent to an imprisonment range of 110 to 137 months. He asked for a sentence at the low end of that range. McMurtry also called his mother to testify about his newfound maturity.

After discussing the seriousness of the drug conspiracy and the damage it had wrought, the district court addressed McMurtry's cooperation:

> The last positive, however, is your cooperation. That's the Government's motion. 5K1 motion. . . . And I'm going to grant the motion because there is enough here. [The prosecutor] has clearly indicated, and the motion itself indicates, that you've been very helpful to the Government. And the Court will consider that a positive. What level—what level of strength is that? How positive is that? Well, it depends upon the attitude which you brought to the cooperation. Every criminal—if I was sitting where you are, if I was in the position you are, and I had some information on somebody and said look, if you—if you give us some information I can recommend to the Judge that he cut

your sentence. I'll say well, yeah, I'll do that. Now I would do it—the initial impulse is I would do it because it's going to help me. But what's important, what makes it more positive, is if it's done with the right attitude. That is, do it because it's just simply the right thing to do. And this runs counter to what your life is about.

I'm going to give you the benefit of the doubt. I'm going to give you the benefit of the doubt by saying—or agreeing with your mother relative to your new maturity, that you're a different person. That by this cooperation, is the first step that you're taking to iron out the path that your mother has said—your mother said everybody who has matured takes a different path. That this path is being altered. That you're going down a different one. And the seriousness of the offense is—as much as I've done the analysis and concluded the way I have relative to your history and characteristics—in other words, the profile that you present to me—I'm going to grant the Government's motion. . . .

The judge failed to specify the length of McMurtry's sentence, and McMurtry's counsel, Brian Mullins, asked for clarification:

MR. MULLINS: . . . Just to clarify—I might have not heard—but I heard the Court say it was granting the Government's motion to—

THE COURT: Recommendation.

MR. MULLINS: I'm sorry. I didn't hear a specific sentence.

THE COURT: 157 was the recommendation of the Government.

MR. MULLINS: Okay. So it's adopting the government's recommendation.

THE COURT: Any other questions?

The court never addressed McMurtry's argument that Judge Adelman's alternative method should be used to quantify his cooperation.

On appeal McMurtry makes only one argument. He contends that the district court was required to explain why it adopted the government's recommendation rather than his own. The government responds that the court adequately explained its sentence and that 157 months is reasonable.

But both parties fail to address the antecedent question whether we have jurisdiction over McMurtry's appellate claim. Although he packages that claim as a procedural one, McMurtry's argument at base amounts to a challenge to the way the district court exercised its discretion under § 3553(e) to evaluate his cooperation. *See United States v. Johnson,* 997 F.2d 248, 252 (7th Cir. 1993) (characterizing argument that limited size of court's reduction "was unreasonable" as one challenging extent of reduction); *United States v. Correa,* 995 F.2d 686, 687 (7th Cir. 1993) (making same characterization of argument that court imposed sentence "in violation of law" for believing it was good policy not to give large reduction to drug dealers); *United States v. Dean*, 908 F.2d 215, 217 (7th Cir. 1990) (making same characterization of argument that court "acted unreasonably" in not granting greater reduction). And we do not have jurisdiction to review discretionary refusals to reduce sentences so long as the district court appreciated its discretion to sentence below a statutory minimum. *See, e.g., United States v. Abimbola-Amoo,* 390 F.3d 937, 938 (7th Cir. 2004); *United States v. Zuniga-Lazaro,* 388 F.3d 308, 313 (7th Cir. 2004); *United States v. Bonsu,* 336 F.3d 582, 587 (7th Cir. 2003); *United States v. Thomas*, 11 F.3d 732, 735 (7th Cir. 1993). The court here demonstrated an understanding that it had the discretion to disagree with the government's evaluation of McMurtry's cooperation. *See Johnson*, 997 F.2d at 252–53; *United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003). The court imposed a prison term of less than 240 months. Moreover, the judge referred to the government's position as a "[r]ecommendation" and explained that he needed to consider the "level of strength" of the cooperation in reaching the proper sentence.

The rule that we lack jurisdiction to review a contention about the stinginess of a reduction below a statutory minimum under § 3553(e) is longstanding. *See* 18 U.S.C. § 3742(a); *United States v. Spann*, 682 F.3d 565, 566 (7th Cir. 2012); *Thomas*, 11 F.3d at 735; *United States v. Shaffer*, 993 F.2d 625, 628–29 (7th Cir. 1993); *Dean*, 908 F.2d at 217–18. As we recently held, this rule survives *United States v. Booker*, 543 U.S. 220 (2005). *Spann*, 682 F.3d at 566 (labeling as frivolous challenge to extent of sentence reduction under § 3553(e)). In reaching this conclusion, we noted that we previously concluded in the context of reductions under Federal Rule of Criminal Procedure 35(b) that *Booker* did not alter our limited jurisdiction under 18 U.S.C. § 3742(a). *Spann*, 682 F.3d at 566; *see United States v. McGee*, 508 F.3d 442, 444–45 (7th Cir. 2007) (concluding that challenging extent of sentence reduction under Rule 35(b) would be frivolous); *see also United States v. Chapman*, 532 F.3d 625, 628 (7th Cir. 2008) (appellate courts lack jurisdiction over claims regarding extent of reduction under Rule 35(b)); *United States v. Parker*, 543 F.3d 790, 792 (6th Cir. 2008) (same); *United States v. Haskins*, 479 F.3d 955, 957 (8th Cir. 2007) (same); *McKnight*, 448 F.3d at 238 (same). We then reasoned that, because there is "no principled basis to distinguish sentence reductions given under Rule 35(b) from those given under § 3553(e)," *Booker* likewise did

not expand this court's jurisdiction to hear defendants' claims contesting the extent of reductions under § 3553(e). *Spann*, 682 F.3d at 566.

    *Spann* reserves judgment on whether we may review a claim that a district judge undervalued a defendant's cooperation in granting a motion under U.S.S.G. § 5K1.1 in a case in which the bottom of the guidelines imprisonment range was not set by a statutory minimum. *Id.* at 566 n.1. Two circuits have reached conflicting conclusions on this question, though the practical effect of their different approaches seems minimal. *Compare United States v. Anonymous Defendant*, 629 F.3d 68, 73–75 (1st Cir. 2010) (concluding that, post-*Booker*, appeals courts have jurisdiction over such claims), *with United States v. Berni*, 439 F.3d 990, 992–93 (8th Cir. 2006) (reaching opposite conclusion, though examining district court's assessment of defendant's cooperation as part of review of sentence's reasonableness). But we need not resolve this issue here. The bottom of McMurtry's imprisonment range was 22 months greater than the statutory minimum, but only § 3553(e), not § 5K1.1, gave the district court power to reduce McMurtry's sentence below 240 months. *See Melendez v. United States*, 518 U.S. 120, 125–27 (1996); *United States v. McMutuary*, 217 F.3d 477, 487 (7th Cir. 2000); *United States v. Gabbard*, 586 F.3d 1046, 1049 (6th Cir. 2009); *United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008). And as we held in *Spann*, appellate courts do not have jurisdiction over claims regarding the extent to which a district court exercises that power.

    One other point bears mentioning: the government's discussion of the substantive reasonableness of McMurtry's prison term is unnecessary. McMurtry does not raise a claim attacking the substantive reasonableness of his sentence, and even if he had, such a claim would be frivolous. When relying on § 3553(e) as authority to sentence a defendant below a mandatory minimum, a district court may not reduce the sentence based on factors other than the defendant's cooperation. *E.g., United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009); *United States v. Winebarger*, 664 F.3d 388, 396 (3d Cir. 2011); *United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir. 2009); *United States v. Burns*, 577 F.3d 887, 894 (8th Cir. 2009) (en banc). And without authority to review the way the district court valued that cooperation, we would have no basis to assail the reasonableness of the sentence.

                                                                                        **DISMISSED.**

    WILLIAMS, *Circuit Judge*, concurring.  I believe that we have jurisdiction to consider this appeal because McMurtry's argument—that the district court failed to consider or address his principal non-frivolous argument concerning the *McBride* sentencing

method—is procedural.  *See United States v. Chapman*, 532 F.3d 625, 628 (7th Cir. 2008). McMurtry's appellate brief argues repeatedly that the district court did not exercise its discretion at all, not that the district court substantively erred in its exercise.  (*See* Br. at 9 (district court "did not exercise its discretion"), 10 ("the defendant is entitled to insist that the judge exercise discretion"), 11 ("the district court did not exercise its discretion because it did not address McMurtry's alternative [*McBride*] method for evaluating the value of his assistance").)  McMurtry's brief relies heavily on *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005), which found that the district court procedurally erred by "pass[ing] over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion."  *Id.* at 679.  (*See* Br. at 8, 10.)  Most importantly, his brief expressly acknowledges that if the district court had actually considered his *McBride* argument and nonetheless arrived substantively at the same sentence, there would be no basis for appeal.  (*See* Br. at 10-11.)  And McMurtry's counsel repeatedly emphasized this procedural point at oral argument.  In my view, these factors distinguish this case from the cases (*Johnson, Correa, Dean*) relied upon by the majority.

Nonetheless, I agree with the effective outcome of the appeal's dismissal because I believe McMurtry's argument about procedural error is without merit.  Though the district court did not specifically reference the *McBride* sentencing method, the essence of McMurtry's argument was that only the *McBride* method accurately reflected the strength of his cooperation, and the district court directly and adequately addressed the strength of McMurtry's cooperation.  I therefore concur.