NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2014
Decided March 26, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3188

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 11 CR 50064 |
| DEONTAE T. HOLLIMAN, | |
| *Defendant-Appellant.* | Philip G. Reinhard, |
| | *Judge.* |

**O R D E R**

Deontae Holliman pleaded guilty to possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1), and was sentenced as an armed career criminal to the statutory minimum of 180 months, *see* 18 U.S.C. § 924(e)(1). Holliman filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Holliman opposes counsel's motion. *See* Cir. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief and Holliman's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Counsel informs us that Holliman does not wish to challenge his

guilty plea, so counsel properly forgoes discussing the voluntariness of the plea.
*See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287
F.3d 667, 671 (7th Cir. 2002).

Police in an unmarked squad car were patrolling a high-crime area in Rockford
at night when they noticed a crowd gathered in the street. The squad car pulled up near
the gathering and flashed its emergency lights, at which point the officers saw Holliman
scurry behind a parked sedan and drop a handgun on the pavement. An officer
followed Holliman and ordered him to the ground at gunpoint, but Holliman kept
walking to the passenger side of the sedan. When the officer repeated the directive,
Holliman dropped to the ground and was arrested.

After being indicted, Holliman moved to suppress the handgun and the
recovered ammunition as fruits of an illegal seizure, and sought an evidentiary hearing.
In his view he was seized without reasonable suspicion when the officers pulled up in
their squad car near the sedan and flashed its emergency lights. The district court
denied both the motion to suppress and the request for a hearing. No hearing was
necessary, the court determined, because the material facts were not in dispute:
Holliman discarded the gun before being seized. He was not seized, the court stated,
"until the officers drew their weapons and he complied with the officer's directive to lie
on the ground. The use of the emergency lights, while a show of authority, did not
constitute a seizure by itself." Holliman then entered a conditional guilty plea, reserving
his right to appeal the denial of the suppression motion.

Counsel and Holliman first consider challenging the district court's decision to
decide the suppression motion without an evidentiary hearing. We agree with counsel,
however, that such an argument would be frivolous because, as the district court
properly found, Holliman did not identify any disputed material facts to justify a
suppression hearing. Holliman needed to present "sufficiently definite, specific, non-
conjectural and detailed" facts showing that the officers obtained the evidence illegally,
*United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011), but he did not contradict the
government's evidence that he abandoned the handgun before yielding to the officers'
show of authority.

Counsel and Holliman next consider whether they could challenge the denial of
the suppression motion by arguing that Holliman was seized as a result of the officers'
show of authority, even before he submitted to their order to drop to the ground. But
counsel properly concludes that such an argument would be frivolous. "Simply put, a

seizure effected by a show of authority occurs when the suspect submits," *United States v. Griffin*, 652 F.3d 793, 801 (7th Cir. 2011); *see also California v. Hodari D.*, 499 U.S. 621, 629 (1991), and, as the court found, Holliman did not submit until after the officers drew their weapons and ordered him to the ground.

Counsel and Holliman for the first time also propose arguing that the handgun was the fruit of an illegal seizure because Holliman dropped it in response to the officer's orders. But Holliman waived this argument by not raising it in the district court (there, he did not dispute that he laid down the gun *before* the officer ordered him to the ground), and counsel does not suggest any conceivable basis for good cause that would excuse his failure to do so. *See* FED. R. CRIM. P. 12(e); *United States v. Clark*, 657 F.3d 578, 582–83 (7th Cir. 2011); *United States v. Figueroa*, 622 F.3d 739, 742 (7th Cir. 2010); *United States v. Acox*, 595 F.3d 729, 731–32 (7th Cir. 2010).

Finally counsel assesses whether Holliman could challenge his 180-month term of imprisonment—the statutory minimum—as unreasonable, but properly regards any such challenge as frivolous. Because he was ineligible for a "substantial assistance" reduction of his sentence, *see* 18 U.S.C. § 3553(e), or "safety valve" relief, *see id.* § 3553(f), the statutory minimum was the lowest sentence he could receive. *See United States v. Spann*, 682 F.3d 565, 566–67 (7th Cir. 2012); *United States v. Johnson*, 580 F.3d 666, 672–74 (7th Cir. 2009); *United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.