## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 6, 2016
Decided January 11, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-1392

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:14-cr-00160 |
| ANTHONY H. WILLIAMS, *Defendant-Appellant*. | Charles N. Clevert, Jr., *Judge*. |

**O R D E R**

Anthony Williams pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and brandishing a firearm during the robbery, 18 U.S.C. § 924(c)(1)(A)(ii). On the government's motion under U.S.S.G. § 5K1.1, the district court imposed a below-guidelines sentence on the robbery count to reward Williams for cooperating in the prosecution of his getaway driver. In this direct appeal from his sentence, Williams principally contends that the district court erred by resolving the § 5K1.1 motion without taking into account his assistance in an unrelated homicide investigation. He also contends that his sentence rests on an adverse finding about his credibility which lacks evidentiary support. We reject both contentions.

Williams robbed a bank at gunpoint and absconded with more than $8,000. Days later he used $400 of the proceeds to buy a rifle through a straw purchase, even though he still possessed the handgun used in the robbery. After Williams was caught, he cooperated with investigators and, during a "debriefing," identified his getaway driver. He also discussed an unrelated homicide that remained under investigation.

The getaway driver was indicted and pleaded guilty, but the district court concluded that a sentence of probation, not imprisonment, was warranted for the driver because of mitigating circumstances. Meanwhile, in preparation for his own sentencing, Williams spoke with a probation officer and rationalized the bank robbery as a way to raise cash for overdue bills. For that crime the probation officer calculated a guidelines imprisonment range of 46 to 57 months, and because the § 924(c)(1) count carried a consecutive, statutory minimum of 7 years, the overall imprisonment range was 130 to 141 months. The district court accepted these calculations.

The government based its § 5K1.1 motion exclusively on Williams's debriefing statements about the getaway driver and about his own role in the bank robbery. The government recommended shaving "25%" from the overall range, which, the prosecutor said, would result in total imprisonment of 96 to 102 months. (In fact, a 25% reduction would have yielded a range of 97 to 106 months. And since the government's motion was premised on § 5K1.1 alone, not 18 U.S.C. § 3553(e), that motion did not authorize the district court to disregard the 7-year statutory minimum on the § 924(c)(1) count. *See Melendez v. United States*, 518 U.S. 120, 124 (1996); *United States v. McMutuary*, 217 F.3d 477, 486–87 (7th Cir. 2000). Effectively, the government proposed a prison term of 12 to 18 months for the bank robbery.) Williams agreed that a 25% reduction would compensate him for debriefing about the bank robbery. But he asserted that a further reduction under the government's § 5K1.1 motion was warranted because he had shared information about the still-unresolved homicide. Williams conceded, though, that his information was insubstantial.

The district court granted the § 5K1.1 motion and accepted the government's proposed 25% reduction—but only grudgingly. The court characterized that decrease as "extremely generous" given Williams's limited assistance as compared to cooperating defendants in other criminal cases. The court noted that Williams had helped to prosecute only the getaway driver whose circumstances warranted dispensing with imprisonment in favor of probation. As for the homicide, the court agreed with the parties that Williams had not substantially assisted the investigation of that crime and declined to evaluate his information in ruling on the § 5K1.1 motion. But the court

added that Williams still could argue, when addressing the sentencing factors in 18 U.S.C. § 3553(a), that his effort to help was a ground in mitigation warranting a lower sentence.

During his allocution Williams continued to insist that he had robbed the bank because he needed cash quickly to pay overdue bills, and that he had purchased the rifle for protection. The district court rejected these explanations. The court initially remarked that during the debriefing Williams had not been fully candid about his motives, prompting defense counsel to object that the government had not accused Williams of lying during the debriefing. The judge replied that, although he remained skeptical that Williams had been "thoroughly forthcoming" with the investigators, he was convinced that Williams, while claiming to be desperate for money, had used robbery proceeds "to get another weapon which even if he needed personal security was not essential." The court sentenced Williams to a total of 102 months in prison—18 months for the bank robbery plus 84 months for the gun crime.

We start with Williams's contention that the district court erred by ruling on the government's § 5K1.1 motion without simultaneously evaluating his effort to help the homicide investigation. At oral argument Williams disavowed any suggestion that the district court undervalued his assistance in this prosecution, which satisfies us that our jurisdiction is secure. *See United States v. Spann*, 682 F.3d 565, 566 n.1 (7th Cir. 2012) (reserving question whether appellate jurisdiction would extend to claim that sentencing court undervalued defendant's cooperation in granting § 5K1.1 motion in case in which bottom of guidelines imprisonment range was not set by statutory minimum). Williams makes only a procedural claim, though not a valid one.

We reject Williams's assertion that a sentencing court must consider extraneous matters when ruling on a § 5K1.1 motion. Such motions, by definition, are filed *by the government* when *it* seeks to reward a defendant's cooperation. *See United States v. Santoyo*, 146 F.3d 519, 523 (7th Cir. 1998) (explaining that § 5K1.1 authorizes reduction for substantial assistance only on government's motion); *United States v. Valencia*, 913 F.2d 378, 386 (7th Cir. 1990) (same). But that does not mean that cooperating defendants are at the government's mercy. After *United States v. Booker*, 543 U.S. 220 (2005), sentencing courts must evaluate all nonfrivolous grounds offered in mitigation when applying the factors in 18 U.S.C. § 3553(a), and that includes a defendant's cooperation. *United States v. Leiskunas*, 656 F.3d 732, 737 (7th Cir. 2011); *United States v. Knox*, 573 F.3d 441, 453 (7th Cir. 2009); *United States v. Blue*, 453 F.3d 948, 954 (7th Cir. 2006). In this case the district court understood its discretion to further reduce Williams's sentence

despite—as he conceded—the insignificance of his information about the homicide. The district court evaluated that information and concluded that a steeper discount wasn't warranted. Williams's complaint about timing—that the court should have weighed the homicide information as part of its § 5K1.1 assessment instead of when applying the § 3553(a) factors—is without merit. *See United States v. Guyton*, 636 F.3d 316, 319 n.2 (7th Cir. 2011) (explaining that post-*Booker* amendment to U.S.S.G. § 1B1.1 provides that sentencing court should "consider departures under the Guidelines themselves" before evaluating "other applicable factors under 18 U.S.C. § 3553(a)").

What remains is Williams's contention that the district court, without an evidentiary foundation, faulted him for lying when debriefing with investigators. Sentencing courts may not rely upon unfounded allegations , *United States v. Modjewski*, 783 F.3d 645, 652 (7th Cir.), *cert. denied*, 136 S. Ct. 183 (2015); *United States v. Bradley*, 628 F.3d 394, 400 (7th Cir. 2010), but Williams has not persuaded us that the district court misunderstood the timing of his dissembling, *see United States v. Musgraves*, 831 F.3d 454, 469 (7th Cir. 2016) (noting that defendant has burden of establishing sentencing court's reliance on inaccurate information); *United States v. Smith*, 562 F.3d 866, 874 (7th Cir. 2009) (same). Although the court misspoke initially and said that Williams had been untruthful with the investigators, the court corrected itself after Williams objected. The court clarified its finding that the defendant had lied to the probation officer and also during allocution in insisting that overdue bills and a need for self-protection had motivated him to rob the bank and buy a rifle with part of the stolen currency. And that finding is not clearly erroneous.

AFFIRMED.