**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2017
Decided February 15, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2468

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-cr-40031-006 |
| QUBID M. COLEMAN, *Defendant-Appellant*. | Sara Darrow, *Judge*. |

**O R D E R**

Qubid Coleman pleaded guilty to conspiring to distribute crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced in 2014 to 324 months' imprisonment and 10 years of supervised release. Coleman appealed, and we affirmed his conviction but remanded for resentencing after the government conceded error concerning his conditions of supervised release. *See United States v. Coleman*, 806 F.3d 941 (7th Cir. 2015). On remand the district court resentenced Coleman to the same periods of imprisonment and supervised release.

Coleman again filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We invited Coleman to reply to counsel's motion, but he has not responded. *See* 7TH CIR.

R. 51(b). Counsel's supporting brief explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve, and because the analysis appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first discusses whether the appeal waiver that Coleman accepted as part of his plea agreement makes this appeal frivolous. Counsel concludes that it does, but we are less certain. In Coleman's previous appeal, the government waived reliance on his appeal waiver, and because we have not asked the government for its views about counsel's *Anders* motion, we hesitate to presume that this time the government would seek to enforce the waiver to prevent consideration of appellate claims arising from the resentencing.

We need not resolve the waiver issue since we agree with counsel that the only possible appellate claims are frivolous. Because of the amount of crack (at least 280 grams) and his prior drug convictions, Coleman faced statutory minimums of life imprisonment and 10 years of supervised release. The district court was authorized to impose terms below those minimums only because the government had filed a motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to reward Coleman's substantial assistance in the prosecution of another suspect. And in exercising authority under § 3553(e), a district court cannot deviate from a statutory minimum except for reasons related to the defendant's cooperation. *United States v. Spann*, 682 F.3d 565, 566 (7th Cir. 2012); *United States v. Johnson*, 580 F.3d 666, 672–73 (7th Cir. 2009). Thus we would not have appellate jurisdiction to review a contention that the sentencing court should have been more generous in rewarding Coleman's substantial assistance. *Spann*, 682 F.3d at 566. Moreover, as relates to the conditions of supervised release that prompted Coleman's resentencing, *Coleman*, 806 F.3d at 946, the district judge adequately justified the revised conditions under the pertinent sentencing factors. *See* 18 U.S.C. §§ 3583(d), 3553(a). The revised conditions had been disclosed to Coleman in advance of sentencing, and as counsel recognizes, Coleman waived any appellate challenge by not objecting to them. *See United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016). And none of the conditions imposed at resentencing are phrased in language we have criticized. *See, e.g., United States v. Kappes*, 782 F.3d 828, 848–51 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368, 376–80 (7th Cir. 2015).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.