NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017
Decided October 25, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1252

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 15-cr-40025-002 |
| | |
| FREDERICO SAUSEDO, | Sara Darrow, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Frederico Keven Gatlin de Sausedo and his then-girlfriend, Barbara Segudo, were victims-turned-accomplices of a Nigeria-based money scam. For their part in the scheme, each was indicted on one count of conspiracy to commit wire fraud, 18 U.S.C. § 371, and nine counts of wire fraud, 18 U.S.C. § 1343. Segura pleaded guilty, but Sausedo's case proceeded to trial. After the government presented most of its case in chief, Sausedo agreed to enter into a written plea agreement that included a broad appeal waiver. He was sentenced to time served and three years' supervised release. Sausedo appealed, but his appointed attorney seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Sausedo did not accept our invitation to reply. *See* CIR. R. 51(b). Counsel's analysis appears thorough, allowing us to focus our review

on the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by asserting that Sausedo's guilty plea was knowing and voluntary. He does not say, however, if he asked Sausedo whether he wants his guilty plea vacated. If counsel did not consult with Sausedo, he should have, and he should have told us about Sausedo's decision.[1] *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). That said, we need not reject counsel's submission because the transcript of the plea colloquy reflects that the district court complied with the requirements of Federal Rule of Criminal Procedure 11. *See Konczak*, 683 F.3d at 349; *United States v. Blalok*, 321 F.3d 686, 688 (7th Cir. 2003). The court properly informed Sausedo about the nature of the charge, the statutory maximum penalties, the trial rights he was giving up, the role of the sentencing guidelines, and the consequences of the appeal waiver. FED. R. CRIM. P. 11(b).

In pretrial proceedings there had been a concern about Sausedo's competence, though this issue is not significant enough to present a nonfrivolous basis for appeal. Shortly after arraignment, the court held a competence hearing under 18 U.S.C. § 4247(d) and found Sausedo incompetent to stand trial. Sausedo received treatment in custody and was reevaluated four months later. *See* 18 U.S.C. § 4241(d)(1). The court— based on an extensive forensic evaluation prepared by the Mental Health Department at the Federal Medical Center in Butner, North Carolina—found him competent to proceed. At the change-of-plea hearing, Sausedo assured the court in response to its queries that he was not currently undergoing any mental-health treatment or taking medicine to treat any mental-health condition, and there is no evidence in the record that his prior mental-health problems inhibited his ability to comprehend his plea. *See United States v. Woodard*, 744 F.3d 488, 493–94 (7th Cir. 2014). Given the psychiatrist's uncontested findings and the district court's direct exchange with Sausedo, it would be frivolous to argue that the court erred in finding him competent.

Counsel considers whether the broad appeal waiver that Sausedo accepted as part of his plea agreement ("the defendant … waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence … . ") makes

---

[1] Counsel does state that this court "previously ruled on the validity of the Defendant's guilty plea and found it to be knowing and voluntary," but we cannot locate any prior decision of our court involving Sausedo, let alone any ruling on the validity of his plea. Counsel apparently lifted this statement from his *Anders* submission in another case, *United States v. Coleman*, 676 Fed. App'x 596 (7th Cir. 2017).

this appeal frivolous, and properly concludes that it does. An appeal waiver stands or falls with the underlying guilty plea, *see United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), and nothing about the plea colloquy suggests that Sausedo's guilty plea was involuntary. The district court did not rely on any impermissible factors at sentencing, and Sausedo's sentence does not exceed the five-year maximum for the conspiracy count or the twenty-year maximum for the wire fraud counts.

Accordingly we **GRANT** the motion to withdraw and **DISMISS** the appeal.