**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2020[*]
Decided December 7, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1945

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-cr-40031-006 |
| QUBID M. COLEMAN, *Defendant-Appellant*. | Sara Darrow, *Chief Judge*. |

**O R D E R**

Qubid Coleman, a federal prisoner, moved to reduce his sentence under the First Step Act, arguing that the Act retroactively reduced the statutory minimum sentence for the cocaine-trafficking offense to which he pleaded guilty, 21 U.S.C. § 841(b)(1)(A). The district court denied his motion because his sentence already complies with the retroactive provision of the Act. We agree and affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

   In 2014, Coleman was sentenced for conspiring to distribute and possess with the intent to distribute at least 280 grams of cocaine base. *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). In light of two prior felony drug convictions, Coleman acknowledged that he faced a mandatory life sentence. *See id.* § 841(b)(1)(A). After the government moved for a reduced sentence because of Coleman's substantial assistance in prosecuting another person, *see* 18 U.S.C. § 3553(e), the district court sentenced him to 324 months' imprisonment. Coleman appealed, and we remanded the case for resentencing because the government conceded error in the conditions of supervised release. *See United States v. Coleman*, 806 F.3d 941, 946 (7th Cir. 2015). The district court resentenced him in 2016 to the same terms of imprisonment and supervised release, and we dismissed a second appeal as frivolous. *See United States v. Coleman*, 676 F. App'x 596 (7th Cir. 2017).

   Back again, Coleman asked the district court for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. He argued that § 404(b)'s retroactive application of § 2 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, 2372, reduced the statutory minimum sentence for his conviction and thereby qualified him for a reduced sentence. The district court disagreed. It ruled that when it sentenced him in 2014, the court applied the Fair Sentencing Act of 2010, so he is ineligible for a sentence reduction based on a post-2010 change of law. *See* First Step Act, § 404(c) ("No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed … in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act.").

   On appeal, Coleman contends that he was not sentenced under the Fair Sentencing Act of 2010. He is wrong. Section 404(b) of the First Step Act applies the Fair Sentencing Act of 2010 retroactively to those convicted of trafficking the amounts of cocaine specified in § 2 of the 2010 Act and sentenced *before* its effective date. *See, e.g., Dorsey v. United States*, 567 U.S. 260, 269–70 (2012); *United States v. Sutton*, 962 F.3d 979, 982 (7th Cir. 2020). Coleman, however, was already sentenced under § 2 of the Fair Sentencing Act when the district court sentenced him in 2014. His sentencing came four years after the 2010 Act went into effect, and the court used the 2012 version of the sentencing guidelines that incorporated its provisions. *See Dorsey*, 567 U.S. at 269–70.

   Coleman appears to seek a sentence reduction under a different provision of the First Step Act, § 401 rather than § 404(b). He contends that he was sentenced based on his "career offender status," which in his view the First Step Act modified. But again he is wrong. Section 401, which did reduce the enhanced sentences for defendants with

some prior drug felonies, is *not* retroactive. *See United States v. Jackson*, 940 F.3d 347, 350, 353 (7th Cir. 2019). By its terms, § 401 applies to offenses committed "before the date of enactment of this Act, if a sentence for the offense has not been imposed" as of its enactment. Coleman was both sentenced (in 2014) and resentenced (in 2016) before Congress enacted the First Step Act in 2018. So § 401 does not apply to him.

AFFIRMED