NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2022
Decided May 17, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1289

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:15CR72-037 |
| KASH LEE KELLY, *Defendant-Appellant*. | Philip P. Simon, *Judge*. |

**O R D E R**

Kash Kelly pleaded guilty to conspiracy to distribute cocaine and marijuana. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. Because of his extensive cooperation with law enforcement, Kelly was sentenced to four years' imprisonment and three years' supervised release, below the statutory minimum for his charge. *See* 18 U.S.C. § 3553(e). Although his plea agreement contains a broad appeal waiver, Kelly filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might

involve. Kelly has not responded with additional arguments for our consideration. *See* CIR. R. 51(b). Because counsel's analysis appears thorough, we limit our review to the issues he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Kelly, a former member of the Latin Kings gang, continued selling drugs to his former associates after he left the gang. He was charged with conspiracy to distribute marijuana and cocaine in 2017 and pleaded guilty to the conspiracy charge. *See* 21 U.S.C. § 846. After his arrest, Kelly cooperated extensively with federal law enforcement, providing detailed information about the Latin Kings and agreeing to testify at the racketeering trial of a prominent member. As a result, Kelly spent most of the period between his 2017 plea hearing and his February 2021 sentencing hearing out on bond, and the government moved for a sentence below the statutory minimum based on his substantial assistance. *See* 18 U.S.C. § 3553(e). Before the sentencing hearing, however, Kelly was rearrested; posts on social media revealed his presence inside the United States Capitol during riots on January 6, 2021. So far Kelly has been charged with two federal misdemeanors for his actions that day.

The presentence investigation report (PSR) calculated a range of 121 to 151 months' imprisonment under the Sentencing Guidelines, based on a total offense level of 30 and criminal history category of III. This included a three-level reduction for acceptance of responsibility. The government moved for an additional downward variance of four levels because of Kelly's substantial assistance in prosecuting members of the Latin Kings, resulting in a guidelines range of 57 to 71 months imprisonment. *See id.* § 3553(e); U.S.S.G. § 5k1.1. At the sentencing hearing—and over Kelly's objection—the district judge rejected the reduction for acceptance of responsibility because of Kelly's alleged criminal activity at the Capitol. The judge adopted a guidelines range of 168 to 210 months but then granted the government's motion for a downward variance for substantial assistance. He sentenced Kelly to 48 months' imprisonment, below the statutory minimum of 60 months.

Counsel represents in his brief that he consulted with Kelly and confirmed that he does not wish to withdraw his guilty plea, and so he properly avoids discussion of arguments about the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Because Kelly does not challenge the agreement, he cannot escape the appeal waiver, which stands or falls with the plea agreement. And we agree with counsel that the waiver is enforceable unless some exception applies. *See United States v. Nulf*, 978

F.3d 504, 506 (7th Cir. 2020). Counsel appropriately rejects arguments that any exception applies. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). Kelly's sentence is well below the statutory maximum. And there is no evidence that the judge relied on unconstitutional factors—such as Kelly's First Amendment rights to expression or association—in sentencing him. *See United States v. Schmidt*, 930 F.3d 858, 862 (7th Cir. 2019). Rather, the district judge properly considered Kelly's allegedly criminal activity at the Capitol in determining that he had not renounced a criminal lifestyle. *Id.* at 864.

With no applicable exception to enforceability, we agree with counsel that the appeal waiver precludes any challenge to the sentence. In relevant part, Kelly "expressly waived [his] right to appeal . . . all components of [his] sentence or the manner in which [his] . . . sentence was determined or imposed." In any event, counsel also concludes, correctly, that because Kelly's sentence is below the statutory mandatory minimum, we would lack jurisdiction to review it. *See* 18 U.S.C. § 3742(a); *United States v. Spann*, 682 F.3d 565, 566 (7th Cir. 2012).

We therefore GRANT the motion to withdraw and DISMISS the appeal.